[No. 3,378.]

## McDOUGAL *v.* DOWNEY.

ENFORCING LIEN OF MORTGAGE.—When a mortgage is given to secure money to fall due in several installments from year to year, a judgment enforcing the lien of the mortgage for one installment is not a bar to another action to enforce the lien of the mortgage for another installment subsequently falling due.

IDEM.—Section two hundred and forty-eight of the Practice Act, in relation to enforcing the lien of a mortgage, does not apply to a case where an installment secured by the mortgage falls due after it has been enforced for an installment due at an earlier date.

COSTS ON APPEAL.—When an appellant inserts unnecessary and irrelevant matter in a transcript, he cannot, if he succeeds on the appeal, compel the respondent to pay for it.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Diego.

The complaint alleges that in December, 1865, the plaintiff entered into a written agreement with the defendant

by which she bound herself to advance money to pay a debt due from the defendant to a minor on account of an annual maintenance for the payment of which the defendant was responsible; and also to continue paying the allowance until the child should become twenty-one years of age; that to secure the repayment of this money the defendant gave the plaintiff a mortgage upon certain land; that in September, 1869, the plaintiff obtained a decree foreclosing the mortgage for the amount then due, and declaring a lien upon the land for amounts to be subsequently paid to the minor under the agreement. This action was brought to foreclose this lien or mortgage on payments falling due subsequent to the decree. The defendant demurred to the complaint, on the ground that it showed the pendency of another suit for the same cause of action. The demurrer was sustained, and the plaintiff appealed, bringing up a "statement on appeal" containing a portion of the record in the former suit.

*Lander*, for Appellant.

*Howard & Sons*, for Respondent.


By the Court:

The Court below sustained a demurrer to the complaint "for the reason that it appears by the complaint that a former recovery and judgment have been had on the same mortgage herein sued on, and it appearing that plaintiff has an adequate remedy for the alleged demand otherwise than by this suit." While it is true that a decree had been entered upon this mortgage in a former action, it did not embrace the demand upon which the present action is founded. This latter demand has arisen only since the entry of the decree in the former action, and its amount has never been judicially ascertained, and no relief could be had under the provisions of section two hundred and forty-eight of the

Practice Act. The judgment must, therefore, be reversed; but as the appellant has caused a "*statement on appeal*" to be printed and sent up in the transcript, which "statement" was wholly unnecessary and inadmissible upon an appeal of this character, they are not to be permitted to tax against the defendant more than one half of the cost of printing the transcript.

Judgment reversed and cause remanded, with directions to overrule the demurrer.