## J. E. FITZGERALD *et al.* v. JOHN HOLLAN.

1. PERSONAL ACCOUNT, *When not Proper Defense.* In an action to declare the holder of the legal title to real estate trustee for the equitable owner, a running personal account between the parties in no way connected with the trust, is not proper matter of defense.
2. PETITION, *Amended to Conform to Evidence.* It is not error at the close of plaintiff's case in chief, to permit the petition to be amended so as to conform to the proof.

*Error from Cloud District Court.*

THE opinion states the case.

*Kennett & Peck,* for plaintiffs in error.
*Caldwell, Ellis & Cook,* for defendant in error.

Opinion by STRANG, C.: This case was begun in the district court of Cloud county, September 19, 1885. October 18, 1885, plaintiffs in error filed their demurrer to what they term the first, second, third and fourth counts of the petition, alleging as grounds therefor, that neither of said counts states facts sufficient to constitute a cause of action. The demurrer was overruled, to which ruling objection was made and exception allowed. September 3, 1886, an answer was filed containing: First, a general denial; second, allegation of ownership in defendants, detention of possession by plaintiff, and claim for mesne profits; third, an off-set consisting of a running personal account between J. E. Fitzgerald and Hollan.

November 5, 1886, a reply was filed denying all new matter. April 29, 1887, the case was tried by court without a jury. The trial resulted in a judgment for the plaintiff below that Fitzgerald and wife were trustees holding the title to land for Hollan, and requiring them to deed the same to him, subject to a lien for money paid out for taxes and interest thereon. The judgment of the court below was based upon findings of fact and conclusions of law thereon. They bring the matter here by a case-made, and assert that the court below erred as follows: First, in overruling the demurrer to the petition; second, in excluding testimony offered by defendants; third, in allowing plaintiffs to file an amended petition; fourth, in making findings of fact not sustained by the evidence; fifth, in not rendering judgment for plaintiffs in error on the findings; sixth, in its conclusions of law; seventh, in overruling a motion for new trial.

The first error assigned is that the court erred in overruling the demurrer. The petition was not skillfully drawn, but we

think the court below put the correct construction on it in treating the several sections of the petition as numbered, as paragraphs of one petition, alleging one cause of action, instead of counts asserting different causes of action. The demurrer, being to separate counts, was under this view of the petition necessarily, and therefore properly overruled. There was no demurrer to the petition as a whole; and besides, we think the petition as a whole stated a cause of action.

We will treat the third error, as assigned, as the second, because it comes second in the natural order of the trial. In this it is asserted that the court erred in allowing the plaintiff to amend his petition. The record shows that when the plaintiff's evidence in chief was in, he asked leave to amend his petition so as to conform it to the proof as made. The code of procedure, (¶ 4222, Gen. Stat. of 1889,) provides for such amendments. (See also 40 Kas. 521.) There is therefore no error in this assignment.

Next, it is claimed the court erred in excluding certain testimony of the defendants. The action was in equity to require the court to declare the defendants trustees holding the title to certain real estate for the use of the plaintiff, and to require them to turn the title over to their *cestui que trust*. The offer of the defendants was to prove a personal account, running between J. E. Fitzgerald and Hollan, the plaintiff, in which it was alleged by the defendants that there was a balance due from the plaintiff to J. E. Fitzgerald. We do not think such account a proper subject of investigation in this case. It is not a matter of defense to the plaintiff's claim. It is a mere personal account. It did not in any way grow out of, or concern the trust, and it was not between the parties to the action. The evidence of such account was therefore properly excluded.

*Fourth:* We will not investigate as to whether a preponderance of the evidence in the case supports the findings of the court, or otherwise. There is certainly evidence in support of all the material findings of the court, and under the law of this court that is sufficient to sustain such findings.

It is asserted that the court found the value of the land in controversy without any evidence as to value. However that may be, such finding is wholly immaterial, and therefore cannot affect the validity of the other findings. The findings of fact being sustained, we see no error in the conclusions of law thereon. The court finds as a fact that the Fitzgeralds agreed to take a deed to the premises, because they owned other lands, and could on that account obtain a larger loan on the land than Hollan could obtain, that is $800, the amount Hollan required to pay out on the land, and after the loan was obtained, deed the land to Hollan, subject to the mortgage. Upon this fact the court found as a conclusion of law that the Fitzgeralds were trustees holding the title to said land in trust for Hollan. We notice above the principal finding of fact and conclusion of law in the case, and we think the latter a correct legal deduction from the former.

The questions raised by the other assignments are included in those already considered, the motion for a new trial being founded upon the foregoing alleged errors.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.