MAX RICH v. THE NORTHWESTERN CATTLE COMPANY *et al.*

48 197
54 269

1. EVIDENCE — *Rulings* — *Harmless Error.* It is not reversible error for the trial court to admit or exclude evidence which may be immaterial but not prejudicial.

2. WRITTEN CONTRACT — *Best Evidence.* When oral evidence has been introduced concerning the purchase of a school-land certificate, by the plaintiff from a defendant, and it is established by the cross-examination of the defendant that the contract for such purchase was in writing, it is error for the trial court, upon proper motion being made, to refuse to exclude all oral evidence concerning the transaction, after such written contract had been read in evidence. When parties have committed their engagements to paper, the law presumes that the whole contract is included in the written agreement.

*Error from Cheyenne District Court.*

ACTION by *Rich* against the *Cattle Company* and others, to recover a certain school-land certificate. Judgment for defendants. The plaintiff comes to this court. The facts appear in the opinion.

*Morning & Keester*, for plaintiff in error.

*John D. Hayes,* and *S. W. McElroy,* for defendants in error.

Opinion by GREEN, C.: Max Rich sued the Northwestern Cattle Company, Benjamin Bird, and J. B. Hundley, in the district court of Cheyenne county, to recover a certificate calling for 20 acres of school land, which he claimed to own under an agreement with the defendants and others, as his share and interest in section 36, of township 3, in range 38, in Cheyenne county, which had been purchased for the purpose of laying out a town-site by a number of parties who were incorporated as the Northwestern Town-site Company. It seems the section had been bought of a party by the name of Bradshaw, who had previously secured it from the state. One hundred and sixty acres in the center of the section were platted as a town-site and named "Bird City." The persons

composing the company were A. L. Burr, D. W. Cave, R. M. Pendarvis, the Northwestern Cattle Company, William H. Dimmick, and the plaintiff. It was alleged in the plaintiff's petition, that previous to the organization of the town company it was agreed that the unplatted portion of the section should be divided as follows: D. W. Cave was to have the undivided one-fourth of the southwest quarter of the southeast quarter of the section; A. L. Burr was to have the west half of the northwest quarter, and the undivided one-fourth of the southwest quarter of the southeast quarter; R. M. Pendarvis was to have the east half of the southeast quarter, and the undivided one-fourth of the southwest quarter of the southeast quarter; the Northwestern Cattle Company was to have the east half of the northeast quarter, and the undivided one-fourth of the southwest quarter of the southeast quarter; the plaintiff was to have as his share the northeast quarter of the northwest quarter, and the northwest quarter of the northeast quarter. It was further alleged, that with the consent of all the parties this agreement was modified so as to change the division as to the plaintiff and the cattle company, so that the latter should have the east half of the northwest quarter of the northeast quarter, and that the former should have the west half of the northwest quarter of the northeast quarter of the section; that immediately following this last agreement, the plaintiff went into possession of the last-described subdivision of the section and made lasting and valuable improvements thereon. The defendants answered, admitting the plaintiff's interest in the land, but alleging that in the early part of the year 1887, in consideration of $2,500, the plaintiff assigned and sold to Benjamin Bird all of his interest in the land. The case was tried by the court, and resulted in a finding and judgment in favor of the defendants.

It is first claimed that the court erred in requiring the plaintiff to answer the question, upon cross-examination, whether or not other members of the town company had given a part of their land to the railroad company. We do not think this was material error. It was alleged that the

plaintiff was entitled to 20 acres of this section. The de-
fendants answered that whatever interest the plaintiff had
had been sold. While it may have been wholly immaterial,
it was not prejudicial.

It is next urged that the court erred in refusing to allow
the plaintiff to answer the question: "What was the value
of this 20 acres at the time he agreed to assign it over?" and
the further question: "What is the value of the land now?"
We do not see how the value of the land became important
or material. The only material question was, whether the
plaintiff had sold his interest in the land; and evidence as to
its value would throw no light upon that question.

It is next insisted that the court erred in refusing to strike
out all of the oral evidence given by the defendant Bird in
regard to the purchase of the land from the plaintiff, when
it was disclosed in the evidence that the contract was in writ-
ing. This is the most serious question in the case. It was
admitted that the plaintiff was entitled to 60 acres of the
unplatted portion of the section. It was alleged in the an-
swer that the defendant Benjamin Bird bought such interest
and paid him therefor the sum of $2,500. The evidence of
Bird in the first instance was to the effect that the contract
for the purchase of the plaintiff's interest was verbal; but
when his attention was called to the fact, upon cross-examina-
tion, that there was a written contract, and it was exhibited,
he acknowledged that it was the contract. He said: "That
is my signature, and that is the contract. It is in accordance
with what I have stated. I made him sign the contract be-
fore I sent the sight draft." When asked if all the land he
purchased was included in that contract, he answered: "I
suppose so, if it was written at that time; it might have been
written before that; I do n't know." The only explanation
he made when the written contract was read in evidence was,
that he had the other 40 already, but made no statement as
to when he had purchased it. There was no evidence as to
any other purchase or other consideration paid than the $2,500

alleged in the contract and stated by the plaintiff and defendant Bird; so that it seems from the evidence that the only consideration paid was the one mentioned in the written contract. If this be true, we are of the opinion that the court erred in refusing to exclude the oral evidence concerning the purchase. If there was a mistake in the written contract, it should be reformed to correspond with the true intent and meaning of the parties. But it was clearly incompetent to admit the written contract as the agreement of the parties concerning the sale of the certificate of purchase in question, and then refuse to exclude the oral evidence in relation to the same transaction. (*Willard v. Ostrander*, 46 Kas. 591.)

It is recommended that the judgment of the district court be reversed, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.