[L. A. No. 777.   Department One.—July 18, 1900.]

EMILY J. HIGGINS, Respondent, v. SAN DIEGO SAVINGS
BANK, Appellant.

APPEAL—REFUSAL TO STRIKE OUT IRRELEVANT MATTER—IDENTIFICATION
IN RECORD.—In the record upon appeal from an order refusing a
motion to strike out certain parts of a complaint as redundant,
unnecessary, and irrelevant, which are referred to in the mo-
tion by page and line of the pleading, the transcript should
identify the matter to which the motion was addressed.

ID.—HARMLESS ERROR.—Where the record shows that the cause was tried
upon its merits, and that no substantial right could have been
affected by the ruling of the court in refusing to strike out
immaterial matter which should have been stricken out as ir-
relevant, the error will be deemed harmless, and in such case
the judgment will not be reversed.

ID.—UNNECESSARY FINDINGS — ADMISSIONS IN PLEADINGS.—Undenied
allegations of the complaint require no findings; but it is not
error to make such findings, and it cannot be assumed that such
findings were purposely made burdensome upon the appellant.

FORECLOSURE—ANNUITY OF WIFE CHARGED UPON HUSBAND'S LAND—PUR-
CHASE BY SUBSEQUENT MORTGAGEE—FUTURE INSTALLMENTS—SECOND
ACTION.—A wife who has foreclosed a lien for installments due upon
a life annuity charged upon her husband's land by an agree-
ment of separation, and has purchased part of the land in sat-
isfaction thereof, under a decree which allowed a subsequent
mortgagee to sell the land subject to the wife's lien, but which
did not provide for future installments, or for sales upon mo-
tion, may maintain a second action against such mortgagee, who
purchases the land subject to her lien, to sell other portions
thereof for further installments which have become due upon
the annuity.

ID.—PRACTICE UPON FORECLOSURE FOR PART OF DEBT—JUDICIAL ASCER-
TAINMENT OF FUTURE DEBT.—Upon foreclosure of a lien for part of a
debt which has fallen due, if the decree judicially ascertains
and adjudicates the amounts of the debt yet to fall due, and
makes provision for applying to the court upon motion for sale
of more of the premises charged with the lien to satisfy the
same, the proper practice is to file a motion in the cause re-
citing the proceedings and alleging that other installments of
the debt have become due, and asking for a sale of the prop-
erty.  But when there is no such judicial ascertainment or
provision in the decree, such motion is not proper, and a sec-
ond action should be brought to sell other portions of the land
for a portion of the debt which has subsequently become due.

APPEAL from a judgment of the Superior Court of San Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion.

N. H. Conklin, for Appellant.

A. H. Sweet, for Respondent.

CHIPMAN, C.—Action to enforce the lien upon real estate created by a contract entered into by plaintiff and her husband to live separate and apart. Plaintiff had judgment, from which defendant appeals. The record is here on bill of exceptions.

On April 9, 1891, plaintiff and her husband, H. M. Higgins, entered into an agreement to live separate and apart, and H. agreed therein to pay plaintiff a certain annuity during her life, payment to be in definite installments. By the terms of the agreement the sums agreed to be paid were made a lien on the real estate of H. On April 24, 1895, H. mortgaged his real estate to defendant. On December 1, 1896, he being in default on his contract with plaintiff, she commenced an action to foreclose her lien. Defendant in this action appeared and answered, and by cross-complaint in that action sought the foreclosure of its mortgage. A decree was entered foreclosing defendant's mortgage, and also foreclosing plaintiff's contract for the amount then due thereon. Defendant caused the property to be sold under the decree in its favor, subject to the lien of plaintiff, became the purchaser and obtained a deed prior to the commencement of this present action. The decree in the foreclosure action referred to above was affirmed here on appeal. (Higgins v. Higgins, 121 Cal. 487.[1]) After the sale to defendant, plaintiff, under the decree, sold a portion of the land described in defendant's mortgage.

On October 6, 1898, plaintiff commenced this action, alleging that there had become due under the terms of the separation contract the sum of eleven hundred and twenty-three dollars and fifty cents, making the bank, as the purchaser subject to her lien, the sole defendant. In the complaint the entire proceedings in the first action are set forth.

---

[1] 66 Am. St. Rep. 57.

1. Appellant made a motion to strike out all this matter as redundant and unnecessary and irrelevant. We find the same difficulty here which has often been pointed out by the court, to wit, failure to identify in the transcript the portions of the pleading referred to in the motion. What was plain enough to the trial judge when the motion was made is obscure and uncertain here, because a reference to the manuscript pleadings, by page and line, does not identify the printed transcript. Conceding, however, that the matter in the complaint and in the supplemental complaint attempted to be referred to was unnecessary, it does not follow that the refusal to strike it out is sufficient ground for reversal of the judgment. The cause was tried upon its merits, and it appears that no substantial right was affected by the ruling of the court. In such case the judgment will not be reversed. (*Sloane v. Southern Cal. Ry. Co.,* 111 Cal. 668.) In the cases cited by appellant the rule was correctly stated to be that immaterial matter appearing in a complaint should be stricken out as irrelevant. But the cases cited do not suggest that the refusal of the court to follow this very proper rule is necessarily prejudicial error.

2. Appellant complains that certain findings were unnecessary because they follow certain allegations of the complaint which are not denied; and it is claimed that these findings were inserted for the same reason that the complaint and supplemental complaint contained unnecessary matter, to wit: "To make it so burdensome upon appellant to appeal that it would be deprived of that resort for the correction of errors." It is true that undenied allegations in the complaint require no findings, as has been often held, but it is not error to make such findings. We cannot assume that the findings complained of were purposely made burdensome from the fact that they were immaterial or unnecessary.

3. It is claimed that the action was unnecessary and contrary to the provisions of section 728 of the Code of Civil Procedure. (Citing *Bank of Napa v. Godfrey,* 77 Cal. 612.) The contention is that there had already been one action on the contract, and plaintiff should have proceeded by motion in that action for an order to sell to satisfy the amounts falling due since the first action was brought. Section 728 provides that

where "the debt for which the mortgage, lien, or encumbrance
is held is not all due, so soon as sufficient of the property has
been sold to pay the amount due, with costs, the sale must
cease; and afterward, as often as more becomes due, for prin-
cipal or interest, the court may, on motion, order more to be
sold." It was held in *McDougal v. Downey,* 45 Cal. 165, where
a mortgage was given to secure the payment of money on a
contract not unlike the one here, and the mortgage was fore-
closed as to one of the installments that became due, that a
second suit could be maintained notwithstanding the former
action. The reason given was that the demand for which the
second action was brought had not arisen when the first action
was commenced; that its amount had never been judicially as-
certained, and no relief could be had under the provisions of
section 248 of the practice act, which was the same as section
728 of the Code of Civil Procedure. In the Bank of Napa case,
relied on by appellant, there was a foreclosure for that part of
the principal and interest of the note which at the time had
become due; the court in its decree adjudged that there were
certain installments of interest to become due at periods stated,
and also that the principal would be due at a stated period,
and the decree made provision "that hereafter as more shall
become due, according to the terms of said note and mortgage,
and remain unpaid, the plaintiff may apply to the court for a
decree that more of the mortgaged premises be sold to satisfy
the same." There was an adjudication of the amounts yet to
fall due and provision made in the decree for the plaintiff to
apply to the court for further sale of the property. It was held
here that the decree was proper, and that the proper practice
is in such a case, when further installments of the debt fall
due, to file a motion in the case reciting the proceedings there-
in, alleging that other installments have become due, and ask-
ing for a sale of the property. In the case of *Higgins v. Hig-
gins, supra,* the court at that trial did not determine that any
sums would be due in the future under the contract, and no
provision was made in the decree for any future sales of prop-
erty to meet installments yet to become due.

We do not think in such a case the mortgagee is compelled to resort to a motion, under section 728, *supra*, nor, indeed, would it be proper for him to do so. (*McDougal v. Downey, supra.*) But where in the decree provision is made for future sales to enforce payments which the court has in its decree determined will be due in the future, the simpler and less expensive mode of procedure is as provided by section 728, *supra*, and as approved in *Bank of Napa v. Godfrey, supra.* The course pursued in the present action we think the proper practice.

It is advised that the judgment be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Van Dyke, J., McFarland, J., Garoutte, J.