No. 18,553.

THE PHILLIPS COUNTY BANK, *Appellant*, v. J. O. LOWE,
*Appellee.*

SYLLABUS BY THE COURT.

REPLEVIN—*Chattel Mortgage—Amendment of Petition to Conform to Facts Proven.* Where in an action of replevin the plaintiff alleges the ownership and right of possession in himself under a chattel mortgage, and on the trial the court finds, upon sufficient evidence, that the defendant has acquired the possession of the property as the agent and trustee of the plaintiff, and, in substance, that the plaintiff has the superior right to the possession of the property, although not under the chattel mortgage declared upon: *Held,* that the motion of the plaintiff to amend its petition to conform to the facts proven and for judgment in its favor upon the findings should have been sustained.

Appeal from Phillips district court; WILLIAM S. LANGMADE, judge. Opinion filed January 10, 1914. Reversed.

*C. M. Mills,* of Phillipsburg, and *S. N. Hawkes,* of Stockton, for the appellant.

*E. E. Sprague,* of Goodland, *F. W. Mahin,* and *I. M. Mahin,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action in replevin to recover the possession of a newspaper press and implements and outfit connected therewith. Appellant brought the action and alleged that it was the owner of the property by virtue of a chattel mortgage, a copy of which was attached to the petition; that the property was of the value of about $1000.

The appellee answered by general denial; admitted the execution of the chattel mortgage attached to the petition, but alleged that it was void at the time of bringing the action for the reason that it had not been

renewed as required by statute; also alleged certain transfers of the property made by the parties executing the mortgage sued on by appellant, and finally the execution of a mortgage by the last transferee of the property to himself, under which he had taken possession of the property, and attached a copy of his mortgage.

The case was tried without a jury. The court made extended findings of fact and conclusions of law, in substance, as follow: On October 28, 1907, one C. E. Nelson and E. J. Lowe, the wife of the appellee, were copartners and as such were the owners and in possession of the property in question; that on that date the firm was indebted to appellant in the sum of $1010, and interest, upon three promissory notes aggregating that amount, and executed a chattel mortgage thereon to the appellant to secure such indebtedness; that the appellee signed the promissory notes as surety but did not sign the mortgage; that small payments had been made upon the notes, but at the time of the trial $1160 was due thereon; that at all times the appellee acted as the agent of his wife and transacted business for her as long as she owned an interest in the property; that on October 28, 1909, the appellee bought the interest of his wife therein; that on December 30, 1907, C. E. Nelson was adjudged a bankrupt and was thereafter discharged; that a referee and trustee in bankruptcy were appointed and elected and the trustee took possession of the Nelson estate, including the property in controversy; that on the 28th day of October, 1909, being the same day upon which he purchased his wife's interest in the property, the appellee bought the Nelson interest in the property for $10, subject to all existing liens; that on the same day the cashier and other officers of the appellant authorized the appellee to dispose of the property as he thought best, using his own judgment in the matter as to the price of the property, and to take care of the

interests of the appellant in the matter; that on the same day the firm of Stapp & Birkholz was informed by the president of the appellant bank that it had a lien on the property but the matter was in the hands of the appellee, that they could do business with him and he would take care of the interests of the bank; that on the same day the appellee sold the property to the firm and received therefor $200 in cash and promissory notes signed by the members of the firm individually, and by their wives, for $1000, and also secured a chattel mortgage on the property, signed by the same parties, to secure the payment of the notes; that afterwards, and before the commencement of this action, the appellee took possession of the property under the mortgage with the consent of the firm and holds possession and claims ownership and right of possession thereof; that the property is of the value of $1000, and the appellant, before the commencement of the action, demanded possession thereof from the appellee and the demand was refused; that the sheriff of the county took possession of the property under the writ of replevin and delivered it to the appellant, the appellee having failed to give a redelivery bond therefor; that the appellee had full knowledge of the claim and lien of the appellant on the property during all the times referred to and at the time of the purchase of the property by him from his wife and the trustee in bankruptcy.

The conclusions of law are, in substance, as follow: That in purchasing the interests of his wife and Nelson, appellee was not an innocent purchaser but bought the property subject to the mortgage lien of appellant; that appellee acted as the agent and trustee of the appellant in the sale of the property to Stapp & Birkholz; that Stapp & Birkholz bought the property free and clear of the appellant's mortgage lien and received full title thereto as against the claim of appellant; that the appellee in selling the property to Stapp & Birk-

holz received payment therefor in money and notes in trust for the appellant to the extent of its claim and lien, and in taking possession of the property from the firm, under the chattel mortgage executed by them, did so in pursuance of the authority vested in him by the appellant and holds the same as trustee thereof to the extent of appellant's interest; that in making the appellee agent and trustee of the property, the appellant waived its rights to the possession of the property under the mortgage set out in its petition. Thereupon the court rendered judgment that the appellant take nothing in the action by virtue of the mortgage sued on and that the appellee recover his costs and have judgment against the appellant for the return of the property or, in case a return can not be had, for the sum of $1000.

The appellant then filed successive motions as follow: For a new trial; for leave to amend its petition to conform to the facts proven and to vacate the judgment rendered and for judgment in its favor; also, a motion to vacate the findings of fact included in No. 10, which are to the effect that appellant's officers on October 28, 1909, authorized appellee to sell the property and to take care of the bank's interest in the matter, and also the notice given by the bank officers to Stapp & Birkholz of their interest in the property; that the matter was in the hands of the appellee, that if they wished they could purchase the property of him, that he would take care of the interests of the bank; and also the findings in regard to the sale of the property from the appellee to the firm, the recovery of the consideration therefor and the retaking of the property on the chattel mortgage executed by the firm. This motion also asked judgment for appellant on all other findings. Thereupon the appellant filed its motion for judgment on the findings as made by the court. Each of these motions was overruled. The bank appeals.

It is apparent, as contended, that the court found the real issues in this case in favor of the appellant, and in furtherance of justice, even after making its findings of fact and conclusions of law, the motion to amend the petition to conform to the facts proven should have been allowed (Civ. Code, § 140) and judgment should have been rendered in favor of the appellant.

On the authority of *Kennett v. Peters,* 54 Kan. 119, 37 Pac. 999, and *Ward v. Ryba,* 58 Kan. 741, 51 Pac. 223, it is urged that as appellant claimed full ownership of the property, while at most it had only a lien thereon, it can not recover. In the petition it was also alleged that plaintiff was the owner under a certain chattel mortgage. The basis of the claim of ownership was thereby disclosed and the defendant could not be misled.

The judgment is reversed and the case is remanded with instructions to render judgment in favor of the appellant.