No. 19,578.

## W. E. ELLSWORTH et al., *Appellees*, v. CHARLES F. TRINKLE, *Appellant*.

### SYLLABUS BY THE COURT.

1. JOINDER OF PLAINTIFFS—*Tender—Evidence—Fraud.* The evidence examined and held sufficient to sustain findings of fact establishing the right of the plaintiffs to sue jointly, excusing tender, and showing active fraud.

2. ACTION—*Recovery of Money Obtained by Fraud—Interest Allowable.* The law implies a promise immediately to repay money wrongfully obtained, and in an action to recover the price of shares of corporate stock which the plaintiff was induced to buy through the defendant's fraud interest is properly allowed by way of damages for retention of the money during the time the defendant had the use of it.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed December 11, 1915. Affirmed.

*Edward C. Gates,* of Fort Scott, and *Charles F. Trinkle,* of La Cygne, for the appellant.

*Frank M. Sheridan,* and *Bernard L. Sheridan,* both of Paola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the price of shares of corporate stock which the plaintiffs were fraudulently induced to buy. The plaintiffs recovered and the defendant appeals.

W. I. Ellsworth is the husband of Helen B. Ellsworth and W. E. Ellsworth is their son. The three were named as plaintiffs, and the contention is they should have sued separately. There was sufficient evidence that the money paid for the shares of stock came from a common fund to sustain the special finding of the jury that the stock was paid for jointly.

On discovering that they had been defrauded, the plaintiffs made a search for the defendant for the purpose of returning the certificates of stock. The search was continued for several days but the defendant could not be found, so tender was made in the petition and at the trial. The doctrine of tender has been rationalized in recent times and is important only so far

as it cuts some real figure in the relations of the parties. Tender takes the plaintiff out of the attitude of wanting to eat his cake and have it too, and gives the defendant a chance to do the right thing and save the costs and expenses of a lawsuit. If the plaintiff be unable through the exercise of reasonable diligence to that end to make tender before bringing suit he may make tender in the petition. This clears his skirts, and if the defendant desires to avail himself of the benefit of the tender he may do so and the court will protect him from costs. The jury were properly instructed on the subject, and they found specially that the defendant could not be found.

The jury found that the stock was worthless. If so, tender was not necessary. The finding is assailed as contrary to the evidence. The secretary and treasurer of the corporation testified that its affairs were liquidated, its debts paid, and that "the balance was prorated among all the stockholders." The amount of this balance was not divulged. The evidence showed, however, that after the plaintiffs had purchased some stock and before their last purchase was made the company was financially embarrassed and was calling upon its stockholders for money. The plaintiffs did not respond, and no money was distributed to them when the affairs of the company were liquidated. Therefore, the finding that the stock they purchased was of no value was fairly sustained by the evidence. If, however, the finding be wrong it is of no consequence as affecting the subject of tender, for reasons already stated and for the further reason that it is perfectly clear that tender to the defendant before the suit was commenced would have been a useless formality. In such cases no tender is required.

After the defendant sold the plaintiffs a block of stock he attended a meeting of the stockholders of the company. At this meeting the call for money was made. A letter was prepared stating the situation of the company, to be mailed to stockholders, including the plaintiffs. The defendant captured the letter intended for the plaintiffs and said he would ·deliver it to them personally and explain the occasion for it. Instead of delivering the letter he sold the plaintiffs some more stock. This was, of course, active fraud. He did not simply keep to himself his own information relating to the

condition of the company and the value of its stock; he prevented the plaintiffs from obtaining information contained in a writing which it was his duty to deliver.

The plaintiffs recovered for the last purchase of stock only. Interest was properly allowed from the date the defendant received the plaintiffs' money. The action was not one for unliquidated damages, but was one for a specific sum of money wrongfully obtained. The law implied a promise of immediate repayment and allows interest by way of damages for detention of the money for the time the defendant was using it.

The judgment of the district court is affirmed.