[Civ. No. 3032. First Appellate District, Division Two.—September 26, 1919.]

E. H. TERRY et al., Appellants, v. SOUTHWESTERN BUILDING COMPANY et al., Respondents.

[1] MECHANICS' LIENS—CONSTRUCTION OF BUILDING—EXECUTION OF BOND IN FAVOR OF OWNERS ONLY—PROPERTY NOT RELIEVED FROM LIABILITY.—A building contractor's bond not conditioned for the payment in full of the claims of all persons performing labor upon or furnishing materials to be used in the work, and which is not by its terms made to inure to the benefit of any and all persons who might perform labor upon or furnish materials to be used in the work described in the contract, as provided by section 1183 of the Code of Civil Procedure, but which, on the other hand, contains the express condition that no right of action shall accrue upon or by reason thereof to or for the use or benefit of any other person than the obligee therein named and that the obligation of the surety is and shall be construed strictly as one of suretyship only, is not such a bond as relieves the owner from liability of his property for liens under the statute.

[2] ID.—INTERPLEADER BY OWNERS—NONPAYMENT OF CLAIMS—SUFFICIENCY OF FINDINGS—JUDGMENT.—In an action in the nature of suit in interpleader by the owners of real property upon which a building had been erected and against the building contractor, its surety, and numerous lien claimants, a conclusion of law "that said lien claimants are entitled to enforce liens upon the real property described in plaintiff's complaint for the payment of the several amounts found due them respectively as hereinbefore set forth" amounts to a finding of fact that such sums are due, although included in the conclusions of law; and in such a case the judgment will not be reversed for want of a direct finding that such sums are owing and unpaid.

[3] FINDINGS—CONSTRUCTION OF TO UPHOLD JUDGMENT.—The entire findings and conclusions of law are to be construed to uphold the

judgment when, from the facts found, other facts may be inferred which will support the judgment.

[4] ID.—WANT OF FINDINGS—REVERSAL OF JUDGMENT.—A judgment will not be reversed for want of a finding unless it appears there was no evidence, or lack of evidence which required the court to make a finding in favor of the appellant.

[5] ID.—INTERPLEADER—SUBSTANTIAL FACTS ADMITTED BY PLEADINGS—FINDING UNNECESSARY.—Where the plaintiffs in a complaint in interpleader allege that they do not know the actual amounts due the various claimants, or whether or not their claims of lien are valid, and such lien claimants respectively in their cross-complaints allege that the labor and material furnished went into the plaintiffs' building, and that there were due, owing, and unpaid, after deducting all just credits and offsets, the sums claimed by them, and the plaintiffs did not deny these allegations but stipulated that their complaint should stand as their answer to the cross-complaints respectively, the substantial facts were thus admitted by the pleadings, and no finding was necessary.

[6] SURETYSHIP—NONLIABILITY OF SURETY TO LIEN CLAIMANTS—CONSTRUCTION OF BOND.—Where a building contractor's bond expressly provides that neither such instrument nor any rights thereunder shall be assignable unless by the written consent of the surety, executed as therein specified, and that no right of action shall accrue upon or by reason of such bond to or for the use or benefit of anyone other than the obligee therein named, and that the obligation of the surety is and shall be construed strictly as one of suretyship only, no right of action can accrue thereupon for the benefit of lien claimants, and the obligees therein cannot, either directly or by bringing a suit in interpleader against such surety, the contractor, and the lien claimants, work an assignment of the contract. Such surety cannot be held beyond the express terms of the contract.

[7] INTERPLEADER—WHEN MAINTAINABLE—STATUS OF PLAINTIFF.—The plaintiff in an interpleader suit cannot have a judgment in his favor nor urge the claims of certain interpleaded defendants against others, but must at all times maintain the position of a disinterested stakeholder, which alone gives him the right to maintain such a suit.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. T. Blakely for Appellants.

Allen & Weyl for Respondent National Surety Company.

BRITTAIN, J.—The appellants, owners of real property in Los Angeles, on which a building had been constructed, commenced this action in the nature of a suit in interpleader, joining as defendants the building contractor, its surety, and numerous lien claimants. The surety was dismissed from the action by the trial court, certain lien claimants were given judgment against the contractor, and the amounts of their several judgments were decreed to be liens on the plaintiffs' property, which was ordered to be sold to satisfy them. The plaintiffs' appeal is on two grounds; first, that the court erred in dismissing the action as to the surety, and, second, that the judgment is not supported by the findings in three particulars which will be defined later in this opinion.

The action is of such an unusual character that it is necessary to an understanding of the appellants' contentions to state the essential facts upon which the suit was brought, as well as briefly to indicate the salient features of the litigation.

The Southwestern Building Company contracted to erect on the plaintiffs' property a building to cost six thousand dollars. The last one thousand five hundred dollars payment was to be made thirty-five days after the completion. [1] On the day the contract was executed the contractor, Southwestern Building Company, as principal, and National Surety Company, as surety, executed a bond running to the plaintiffs, for three thousand dollars. It referred to the contract and contained numerous conditions relating to the work and limiting the liability of the surety. It was not "conditioned for the payment in full of the claims of all persons performing labor upon or furnishing materials to be used in such work," and it was not by its terms "made to inure to the benefit of any and all persons" who might perform labor upon or furnish materials to be used in the work described in the contract, as provided by section 1183 of the Code of Civil Procedure. On the other hand, it contained the express condition "that no right of action shall accrue upon or by reason hereof to or for the use or benefit of any one other than the obligee herein named, and that the obligation of the company is and shall be construed strictly as one of suretyship only." This was not such a bond as relieved

the owner from liability of his property for liens under the statute.

Before the final payment the owners began this action. They alleged they had the fund of one thousand five hundred dollars retained under the contract, which was set forth with a copy of the bond. They alleged the defendants other than the Surety Company claimed interests in the fund and claimed liens, that the plaintiffs were ignorant concerning the defendants' respective rights, and that the defendants threatened a multiplicity of suits. They prayed the defendants be restrained from taking any proceedings on account of their demands and liens, that they be required to interplead, that the one thousand five hundred dollars be adjudged to be the sum to be paid by the plaintiffs, that upon payment of that sum they and their property be relieved of all further obligations, and that judgment be entered in favor of the plaintiffs "and in favor of said defendants who establish their claims of lien against said premises, against the defendant, National Surety Company, for any amount which they may be entitled to in excess of said fund of one thousand five hundred dollars," and for general relief.

The demurrer of the National Surety Company was overruled. The lien claimants, or at least some of them, answered and cross-complained upon their respective liens. There was no formal order of interpleader. The case was sent to a referee to take evidence, which is not before this court. The report of the referee, which was adopted as the findings of fact, while perfectly clear in its meaning, was not drawn with the technical nicety of language which might have been used. For instance, the report stated "that the following claimants furnished repairs or materials, or both, on the property of the plaintiffs, and that said repairs and materials were actually used in the construction of said building, and that the charge for said materials was a reasonable charge thereon, and said mechanics' liens were recorded within the time required by law," following which was a list referring to the respective claims by exhibit letters, giving the respective dates of filing the liens to which the reference was made, and tabulating the respective amounts for which claims were approved.

[2] The appellants contend that these findings do not support the judgment because they do not contain the direct

statement that the amounts of the claims listed were owing or unpaid. It appears from the record that no exceptions were filed to the findings of the referee, and the court adopted them as its own, adding thereto what were designated as conclusions of law, in which, among other things, it is stated "that said lien claimants are entitled to enforce liens upon the real property described in plaintiffs' complaint for the payment of the several amounts found due them respectively as hereinbefore set forth." This statement amounts to a finding of fact that the sums were due, although included with the conclusions of law, and in such a case the judgment should not be reversed. (*Lange* v. *Waters*, 156 Cal. 142, [19 Ann. Cas. 1207, 103 Pac. 889].) **[3]** The entire findings and conclusions of law are to be construed to uphold the judgment when, from the facts found, other facts may be inferred which will support the judgment. (*Breeze* v. *Brooks,* 97 Cal. 72, [22 L. R. A. 257, 31 Pac. 742] ; *Pacific States Corp.* v. *Arnold,* 23 Cal. App. 672, [139 Pac. 239].) **[4]** A judgment will not be reversed for want of a finding unless it appears there was evidence, or lack of evidence which required the court to make a finding in favor of the appellant. (*Bliss* v. *Sneath,* 119 Cal. 529, [51 Pac. 848].) The evidence is not before this court. The appellants make no argument upon this point and do not suggest in their brief that the lien claims were not justly due and unpaid. **[5]** On the other hand, in their complaint the plaintiffs alleged that they did not know the actual amounts due the various claimants, nor whether or not their claims of lien were valid. The lien claimants respectively in their cross-complaints alleged that the labor and material furnished went into the plaintiffs' building, and that there were due, owing, and unpaid, after deducting all just credits and offsets, the sums claimed by them. The plaintiffs did not deny these allegations, but stipulated that their complaint should stand as their answer to the cross-complaints respectively. The substantial facts were thus admitted by the pleadings, and no finding was necessary. (*Higgins* v. *San Diego Sav. Bank,* 129 Cal. 184, [61 Pac. 943].)

The same rule applies to the appellants' contention in regard to the phrase used by the referee that certain claimants furnished "repairs or materials, or both," and the further phrase that "the charge for said materials was a reasonable

charge thereon." The allegations of the cross-complaints in these particulars were not only direct and positive, but technically correct, and they were not denied by the plaintiffs. No ground for reversal is shown so far as the decree establishes the liens.

The third contention of the appellants is based on the same grounds as their attack on the dismissal of the Surety Company. The appellants rely on *Fuller* v. *Alturas School District*, 28 Cal. App. 609, [153 Pac. 543]. That case was decided on the authority of the decision in *Callan* v. *Empire Surety Co.*, 20 Cal. App. 483, [129 Pac. 978, 981]. In each of those cases the surety guaranteed both directly and by reference to the building contract that the contractor should well and truly perform the building contract. [6] In the present case the condition was "that if the principal (i. e., the contractor) indemnifies the obligee (i. e., the owners) against loss or damage directly arising by reason of the failure of the principal to faithfully perform the above-mentioned contract, then this instrument shall be null and void; otherwise to remain in full force and effect, provided, however, that this instrument is executed by the company as surety upon the following express conditions which shall be precedent to the right of recovery hereunder. . . . 7. None of the conditions or provisions contained in this instrument shall be deemed waived by the company unless the written consent to such waiver be duly executed by its president or vice president, and its seal be thereto affixed, duly attested; . . . nor shall this instrument or any rights thereunder be assignable unless with like consent duly executed and attested as aforesaid. . . . 11. That no right of action shall accrue upon or by reason hereof to or for the use or benefit of any one other than the obligee herein named, and that the obligation of the company is and shall be construed strictly as one of suretyship only." This language is too explicit to permit interpretation. (Civ. Code, sec. 1638; *Pierce* v. *Merrill*, 128 Cal. 472, [79 Am. St. Rep. 56, 61 Pac. 64].) Considered as a contract of surety, no right of action accrued upon it for the benefit of lien claimants, and the plaintiffs could not either directly or by the bringing of this suit work an assignment of the contract. The surety could not be held beyond the express terms of the contract. (Civ. Code, sec. 2836.) In *Fuller* v. *Alturas School District, supra,* and *Cal-*

*lan* v. *Empire Surety Co., supra,* the guaranty was of the faithful performance of the contract. In this case it was that the contractor should indemnify the owners against loss or damage arising directly from his breach. Even though, under the rule in the Fuller and Callan cases, this be construed as a direct indemnity, neither at the time this action was commenced nor when judgment was rendered could the plaintiffs have maintained any action on the bond, for it is a statutory rule that "upon an indemnity against claims, or demands, or damages, or costs, expressly, or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof." (Civ. Code, sec. 2778, subd. 2; *Fernandez* v. *Tormey,* 121 Cal. 518, 519, [53 Pac. 1119].)

While the action was not strictly one of interpleader, it was in the nature of such a suit. The plaintiffs alleged they held a fund claimed by the defendants. The National Surety Company did not claim, and could not have claimed, any part of the one thousand five hundred dollar fund. The plaintiffs asked that a judgment be rendered against the Surety Company in favor of other defendants upon a contract unconnected with the fund, and which the plaintiffs could not assign. **[7]** The plaintiff in an interpleader suit cannot have a judgment in his favor nor urge the claims of certain impleaded defendants against others. He must at all times maintain the position of a disinterested stakeholder, which alone gives him the right to maintain such a suit. (Code Civ. Proc., sec. 386; *Orient Ins. Co.* v. *Reed,* 81 Cal. 146, [22 Pac. 484]; *Pfister* v. *Wade,* 56 Cal. 46; *Wells-Fargo Co.* v. *Miner* (C. C.), 25 Fed. 533.)

The fact that under their subsequent pleadings the plaintiffs, the lien claimants, and the court treated the action as a consolidated lien case did not change the status of the Surety Company. Sufficient facts were stated by the plaintiffs to permit them to maintain an interpleader suit against the lien claimants in regard to the one thousand five hundred dollar fund, but no facts were stated which in this action could have warranted a judgment against the Surety Company, which was properly dismissed from the suit.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.