Thompson v. Howard Motors Co.

---

No. 26,990.

## J. B. THOMPSON, *Appellee*, v. THE W. C. HOWARD MOTORS COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. SALES — *False Representations — Old Automobile Represented as New — Evidence.* For the purpose of proving that an automobile represented as new when purchased was in fact a used car, it may be shown that the car purchased had parts in it that did not belong to it; that it had on it the marks of having been repaired; that it was loose; that some of its parts were bent and some broken; and that it had received a new coat of paint in addition to the one that had been first applied.

2. APPEAL AND ERROR—*Harmless Error Not Grounds for Reversal.* Error in the admission of impeaching evidence will not compel the reversal of a judgment unless the error was materially prejudicial to the party complaining.

3. EVIDENCE—*Admissibility of Petition—Effect of Embodying Petition in Instructions.* It is not error to refuse to admit in evidence the petition in an action where it is offered by the defendant and it is afterward embodied in the instructions and submitted to the jury.

4. INTEREST—*Money Fraudulently Obtained.* In an action to recover money obtained by false representations, interest on the money can also be recovered from the time the money was obtained until the date of recovery.

5. TRIAL—*Special Questions—Sufficiency of Evidence.* There was evidence to support the answers of the jury to special questions submitted to it.

6. PLEADING—*Amendment After Verdict.* It is not error to permit a plaintiff, after verdict, to amend his petition by increasing the amount for which judgment is asked, where the evidence tends to prove that the plaintiff is entitled to recover the amount asked in the amendment.

7. TRIAL—*Misconduct of Counsel—Repeatedly Asking Questions.* Under the circumstances disclosed in the opinion, it was not prejudicial misconduct for counsel for plaintiff to repeatedly ask questions, the answers to which were excluded by the court.

8. SAME—*Misconduct of Counsel—Argument to Jury.* The abstract did not show prejudicial misconduct of counsel in the argument to the jury.

Appeal and Error, 4 C. J. pp. 957 n. 66, 969 n. 56, 1019 n. 67, 1167 n. 96, 1172 n. 63; 2 R. C. L. 247. Evidence, 22 C. J. p. 748 n. 60. Fraud, 27 C. J. p. 60 n. 66. Interest, 33 C. J. 203 n. 54. Pleading, 31 Cyc. p. 405 n. 37. Sales, 35 Cyc. p. 611 n. 48.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 8, 1927. Affirmed.

*J. Graham Campbell* and *Ray Campbell,* both of Wichita, for the appellant.

*W. H. Carpenter, W. R. Carpenter,* both of Marion, *Lewis A. Hasty* and *Robert R. Hasty,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover $1,495, part of the purchase price paid to the defendants for a new Lexington Lark touring automobile, the car sold having been represented to be a new car when in fact it was a used car. Judgment was rendered in favor of the plaintiff for $2,200.66.

1. Complaint is made of evidence introduced for the purpose of proving the car sold was a used car instead of a new one. That evidence consisted of testimony given by witnesses to show the condition of the car at various periods of time after it was purchased by the plaintiff, and to show the cost of making repairs on it. The condition was such as would be found in a used and repaired car and not in a new one. That testimony covered a number of parts of the car, and was all competent for the purpose of showing that the car was a used car and not a new one.

2. Nelson, the vice president and sales manager of the defendant, as a witness in its behalf, testified to certain matters. He was asked as to his testimony on a former trial concerning a certain matter and in response testified that he did not remember the testimony concerning which he was then being examined. For the purpose of impeaching the witness Nelson, the court reporter was permitted to testify concerning the testimony of the witness on the former trial. The attempted impeachment of the witness may have been improper, but it cannot be said that it was so erroneous as to justify a reversal of the judgment under section 60-3317 of the Revised Statutes. The error, if there was any, was not materially prejudicial to the rights of the defendant. Judgments are not reversed for immaterial errors. (*Palmer v. Meiners,* 17 Kan. 478; *Moon v. Helfers,* 25 Kan. 139; *B. K. & S. W. Rld. Co. v. Grimes,* 38 Kan. 241, 16 Pac. 472; *Parker v. Richolson,* 46 Kan. 283, 26 Pac. 729; *State v. Woodruff,* 47 Kan. 151, 27 Pac. 842, 854; *Rich v. Cattle Co.,* 48 Kan. 197, 29 Pac. 466.)

3. Complaint is made of the exclusion of the petition when offered in evidence by the defendant. The petition was before the court for all purposes, and it was not necessary to introduce it in evidence. It

Thompson v. Howard Motors Co.

was set out in the instructions to the jury. Its exclusion, when formally offered to be introduced in evidence on the trial, was not prejudicial error.

4. The court instructed the jury that if a verdict was returned for the plaintiff, interest should be included in the verdict. That was done, and of that the defendant complains. He cites authorities which hold that interest cannot be recovered in an action for unliquidated damages. The distinction between the cases cited by the defendant and the present one is this: In the case cited by the defendant, the unliquidated damages were for injuries which did not benefit the estate of the tort-feasor. Here the defendant was benefited by the fraudulent representations concerning the condition of the car. The defendant received the purchase price of a new car and sold one of much less value. The defendant received the money and should pay interest on what it wrongfully received.

In *Ellsworth v. Trinkle*, 96 Kan. 666, 153 Pac. 543, the court said:

"The law implies a promise immediately to repay money wrongfully obtained, and in an action to recover the price of shares of corporate stock which the plaintiff was induced to buy through the defendant's fraud interest is properly allowed by way of damages for retention of the money during the time the defendant had the use of it." (Syl. ¶ 2. See, also, *Smith Bros. v. Hanson*, 106 Kan. 32, 38, 187 Pac. 262; *Shriver v. National Bank et al.*, 117 Kan. 638, 232 Pac. 1062; and 33 C. J. 203.)

5. The action was tried by a jury, which answered special questions as follows:

"1. Was the Lark model Lexington car a secondhand or used car at the time it was sold and delivered to plaintiff by defendant?   A. Yes.

"2. Was the car which was sold by the Howard Motors Company to Thompson, namely, Lexington Lark car No. 25,735, motor No. 1888, shipped on or about July 18, 1921, by the Lexington Motor Company at Connorsville?   A. No.

"3. What was the value of the Lark model Lexington car at the time it was sold and delivered to plaintiff by defendant?   A. $1,200.

"4. What was the value of a new and unused Lark model Lexington car of the type and style purchased by plaintiff at Kansas City, Mo., on October 12, 1921?   A. $2,995."

The defendant moved to set aside the answers to questions 1, 2 and 4, for the reason that they were contrary to and not supported by evidence. There was abundant evidence from which questions 1, 2 and 4 could have been answered contrary to the way in which they were answered, but there was evidence which supported the answers to each of those questions as returned by the jury. On the

answer to the first and second questions, there was evidence which tended to show that the car had old and other makes of parts in it; that it rattled and was loose; and that parts in it, when afterward examined, were bent; and that other parts were broken—a condition of things which could not exist in a new car. The defendant introduced evidence which tended to prove that the car left the factory only a short time before it was purchased by the defendant, but that evidence was contradicted by the evidence which tended to prove the condition of the car.

Concerning the answer to the fourth question, there was evidence which tended to prove that the retail price of a new car like the one that was purchased was $2,995. It was not error to deny the motion to set aside the answers to questions 1, 2 and 4.

6. It is urged that the verdict was excessive. The petition asked for judgment for $1,495. It is alleged that the value of the car purchased was $1,500. There was evidence which tended to prove that its value was one-half that amount. The jury found that value to be $1,200. On the request of the plaintiff, he was permitted to amend his petition by interlineation so as to allege that the value of the car purchased was $1,200 instead of $1,500, and to ask judgment for $1,795 instead of $1,495. It was within the discretion of the trial court to permit those amendments. (R. S. 60-759; *Fitzgerald v. Hollan,* 44 Kan. 499, 24 Pac. 957; *Deter v. Jackson,* 76 Kan. 568, 92 Pac. 546; *Bank v. Lowe,* 91 Kan. 338, 137 Pac. 930; *Wait v. McKibben,* 92 Kan. 394, 140 Pac. 860.) This court, to uphold the verdict and judgment, might have considered the amendments as having been made. (*Organ Co. v. Lasley,* 40 Kan. 521, 20 Pac. 228; *Manufacturing Co. v. Boyle,* 46 Kan. 202, 206, 26 Pac. 498; *Tipton v. Warner,* 47 Kan. 606, 28 Pac. 712; *Loper v. The State,* 48 Kan. 540, 550, 29 Pac. 687.)

7. The defendant urges misconduct of the plaintiff as ground for a new trial. Part of this misconduct consisted of repeatedly asking witnesses who were agents of the defendant if they had not been in the habit of selling used cars for new ones, after an order excluding the evidence had been made by the court. If the plaintiff's allegations were true, a fraud had been practiced on him by the defendant and by its agents.

In *McCauley v. Custer,* 93 Kan. 27, 143 Pac. 489, this court said:

"Where one claims to be injured by a contract procured through fraudu-

. lent representations, it is competent to show that the same party made like representations about the same time to other parties with whom such party was attempting to make similar contracts, as tending to show motive or intent." (See, also, 22 C. J. 746; 27 C. J. 60.)

This principle has been also applied in criminal actions: *State v. Ridgway,* 108 Kan. 734, 197 Pac. 199; *State v. King,* 1l1 Kan. 140, 206 Pac. 883; *State v. Bisagno,* 121 Kan. 186, 246 Pac. 1001.

The plaintiff's efforts to get this matter to the jury will not justify a reversal of the judgment.

8. Another act of misconduct urged by the defendant occurred on the argument to the jury. This matter has been examined. The record discloses that the trial was a hotly contested one. In almost all hotly contested trials, counsel do and say things which they ought not do or say, but judgments are not reversed for all acts of misconduct. It is only such misconduct as is prejudicial that will cause a reversal of a judgment. This court is not warranted in reversing the judgment for the conduct of counsel for the plaintiff in his argument to the jury.

The judgment is affirmed.