[Civ. No. 12733. First Dist., Div. Two. Dec. 28, 1944.]

ALICE MAUD DAVIS, Respondent, v. A. L. STEWART, Appellant.

Leander L. James and Charles D. Sooy for Appellant.

Martinelli & Gardiner for Respondent.

STURTEVANT, J.—This is the third appeal in the above entitled action. (*Davis* v. *Stewart,* 31 Cal.App.2d 574 [88 P.2d 734]; *Davis* v. *Stewart,* 53 Cal.App.2d 439 [127 P.2d 1014].) The facts are fully set forth in those decisions. After the remittitur went down in the case last mentioned, and on or about October 1, 1942, the defendant surrendered possession of the premises in dispute. Later the plaintiff filed a supplemental complaint asking for a final accounting of defendant's stewardship from February 29, 1940, to October 1, 1942.

The plaintiff alleged and introduced proof to the effect that the defendant so negligently and carelessly operated said premises that he has failed to collect the rentals due therefrom. The trial court made findings on said issues in favor of the plaintiff as to rentals due from three several tenants.

The Graham Lumber Company, one of the tenants so in arrears, held a lease to one parcel. It was used by said company for a lumber yard. Immediately adjacent to that parcel is an unimproved tract about 100 feet square. Under an oral agreement the Graham Lumber Company occupied the additional ground as an overflow lumber yard during a period of three months and paid $25 per month. At the end of that

period it continued to occupy said lot but for the extended period defendant did not collect any rents from such tenant. Nor did the defendant attempt to evict said tenant. There is no evidence said oral agreement was ever cancelled. He now asserts that the ground was low, overflowed tidewater lands not suitable for a lumber yard. It does not appear that the ground was otherwise when said tenant entered thereon. ■ In the absence of an express covenant or stipulation binding him so to do, the landlord is under no obligation to put the demised premises in any particular condition. (15 Cal.Jur. 690.) ■ Again the defendant contends said lot was not occupied continuously. It is enough to say that there was evidence that there was at least some occupancy at all times and the finding to that effect may not be disturbed.

■ The other two tenants held leases, occupied parts of the premises, and paid the rentals set forth in their leases into a fund in a reputable bank for the benefit of the legal owner. As Mr. Davis was asserting rights to said moneys and Mr. Stewart was making cross demands, the other two tenants filed interpleader suits. The defendant made no attempt to bring said actions to trial. As to each of the three tenants the most that can be said is that there was some conflict in the evidence but there was evidence of the want of care of a reasonably prudent business man. The defendant was therefore liable for the uncollected rentals. (*Murdock* v. *Clarke,* 90 Cal. 427, 439 [27 P. 275].)

Basing his contention on the claim that said judgment was interlocutory the defendant asserts that the trial court erred in applying certain payments to payments of principal instead of applying said payments on interest which had accrued. (Civ. Code, § 1479.) To that contention there are two replies. ■ The contention is an attempt to try again the issues which were tried on the first trial. The defendant had no right to do so. The judgment dated March 31, 1941, had become res judicata. (*Carpenter* v. *Pacific Mut. L. Ins. Co.,* 13 Cal.2d 306, 315 [89 P.2d 637].) ■ In the second place appellant does not in his brief set forth any part of the record showing any facts supporting his assertion. The record shows that at one time the defendant produced what he claimed to be a correct statement of the account as he claimed the facts warranted. That statement was not copied by the reporter. The exhibits were not brought up. There is nothing

in the record showing how payments were applied by the trial court in framing the said judgment dated March 31, 1941. Nor is there a claim that during the last trial the trial court erred in not following the rule stated in section 1479 of the Civil Code.

As stated above the defendant contends that the judgment of March 31, 1941, that is the judgment before the court in *Davis* v. *Stewart*, 53 Cal.App.2d 439 [127 P.2d 1014], was final in part only and was interlocutory insofar as it purported to settle the account pleaded at that time. We find no merit in that contention. It involved contracts which clearly presented many severable demands. All demands which were fully matured at the time said action was commenced were completely adjudicated. By the terms of said record at that time nothing was left for further judicial action. It was therefore a final judgment. (*Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794].) After the remittitur went down the plaintiff filed a supplemental complaint presenting demands that accrued subsequent to the issues pleaded in the original complaint. That she had the right to do. (*Higgins* v. *San Diego Savings Bank*, 129 Cal. 184 [61 P. 943]; 1 C.J. 1114.) Prior to the filing of the supplemental complaint it could not be said that there were or would be further issues to be tried in said action. Under the foregoing circumstances we think the record does not show that the judgment dated March 31, 1941, was interlocutory in whole or in part.

The defendant claims he should have been credited with his costs on the first appeal. (*Davis* v. *Stewart*, 31 Cal. App.2d 574 [88 P.2d 734].) He admits said costs were not included in the judgment dated March 31, 1941, but he now seeks to have said costs included in his expenses. But the judgment last mentioned purported to cover the accounts down to and including February 29, 1940. The first decision was rendered March 31, 1939. When defendant's cost bill was filed, and what it contained, is not shown except by an "Appendix" set forth at the end of defendant's brief. It sets forth a statement which does not purport to be a copy of any part of the record. In the brief it is also stated that "The trial court denied defendant the right to introduce this statement and ordered it stricken out." No reference is made to any part of the record. The plaintiff replies that the later judgment dated March 31, 1941, covered or should

have covered all expenditures prior to that date. Continuing she asserts that said judgment is res judicata as to such expenditures. (*Scrimsher* v. *Reliance Rock Co.*, 1 Cal.App. 2d 382, 393 [36 P.2d 688].) That reply we think is sound.

The defendant objects to rulings allowing the plaintiff costs. Finding No. II is as follows: ''That upon the 3rd day of April, 1941, and within three days after the entry of the judgment and decree entered herein upon the 1st day of April, 1941, plaintiff filed herein her cost bill upon the trial pursuant to which said judgment was entered, and in and by said cost bill claimed costs in the sum of $239.75; that no motion was made to tax said costs or to strike said bill or any portion thereof from the files; that upon the 1st day of October, 1942, plaintiff (respondent on appeal from said judgment) filed herein her cost bill on appeal and therein claimed costs on appeal in the sum of $355.18; that no motion to tax said costs or to strike from the files any portion of said cost bill on appeal was made herein at any time.'' Then in finding No. III the trial court found among outlays to be repaid to the plaintiff, ''Cost bill filed by plaintiff 4/3/41 $239.75 Cost bill on appeal filed 10/1/42 $355.18.'' The defendant objects to both allowances but he does not state any specific grounds nor cite any authority. The plaintiff states: ''Plaintiff filed this cost bill within five days after the entry of the judgment of March 31, 1941. If defendant was dissatisfied with the costs claimed, the law allowed him five days within which to express his dissatisfaction and move to have the costs taxes. (Code Civ. Proc., § 1033.) He did not do so. Nor did he question the cost bill on his appeal from the said judgment of March 31, 1941. Two years after the entry of said judgment and almost a year after its affirmance on appeal, the defendant asked the court in the present action to tax the said costs. The trial court soundly refused to disturb the cost bill for the obvious reason that the matter, like other matters urged by appellant, was res judicata.'' The bill filed October 1, 1942, was for costs in favor of the party prevailing on appeal. No timely attack was made on it. The present attack comes too late. (Code Civ. Proc., § 1034.)

On August 5, 1943, the defendant served and filed two notices of appeal. Both purported to be taken from the judgment entered June 8, 1943. The second also purported to be a notice of appeal from the judgment entered March 31,

1941.  The last attempt to appeal from that judgment was not made within sixty days from the date of the entry of said judgment and was therefore ineffective (Code Civ. Proc., § 939). As the facts appear in the record it is the duty of this court to dismiss said appeal of its own motion. (2 Cal.Jur. 396, Appeal & Error, § 165.) It is so ordered.

The appeal from the judgment dated June 8, 1943, is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1945. Schauer, J., voted for a hearing. Spence, J., did not participate therein.