GEIGER v. THE STATE OF IOWA.

It is only where the name of a person who is charged with a criminal offence, cannot be discovered, that the state is permitted to describe him in an indictment by a fictitious name, with the averment that his real name is unknown.

Where an indictment described the person charged, as "a man in Turner Hall, whose name to the grand jurors is unknown;" Held, That the indictment did not meet the requirements of the statute.

*Appeal from the Des Moines District Court.*

MONDAY, JANUARY 25, 1858.

At the October term of the district court for Des Moines

county, 1857, an indictment was found by the grand jury, against a person described as, "a man in Turner Hall, whose name to the grand jurors is unknown." By virtue of a warrant issued on this indictment, the sheriff arrested John Geiger, and returned the warrant as follows : " Executed this writ, by bringing before the court a man supposed to be the person meant." A motion for the discharge of Geiger from custody, was overruled. He then moved the court to quash the indictment, which motion was overruled, and being arraigned upon the indictment, and required to plead, he gave his name as John F. Geiger, and pleaded not guilty. The cause being submitted to the court, the defendant was found guilty, and sentenced to pay a fine of fifty dollars. From this judgment, he sued out this appeal.

*C. Ben Darwin*, for the appellant.

*Samuel A. Rice*, Att'y General, for the State.

STOCKTON, J.—The questions made by defendant, upon the motion for his discharge, to quash the indictment, and upon the demurrer thereto, all resolve themselves into a single one, viz : whether the indictment is sufficient to authorize the arrest of defendant, and the holding him in custody,. The definition of an indictment, as given by the Code, (sec. 2915), is, that it "is an averment in writing, made by the grand jury, legally convoked and sworn, that a person therein named or described, has done some act, or been guilty of some omission, which by law is a public offence." By a subsequent section it is provided, that no indictment shall be quashed, if, among other requirements, it can be understood, " that the defendant is named, or if his name cannot be discovered, that he be described by a fictitious name, with the statement that his real name is unknown. Code, section 2916.

The indictment in this case, does not meet the requirements of the statute. The defendant is neither named nor

described. It was not a sufficient description to refer to him as "a man in Turner Hall." It is only where the defendant's name cannot be discovered, that it is permitted to the state to describe him by a fictitious name, with the statement that his real name is unknown. In this instance, there can be no pretence that the defendant is described by a fictitious name. It is not alleged that his name cannot be discovered, and the description by which it is attempted to identify him, may apply with the same certainty and distinctness to fifty men in Turner Hall, if there are fifty men there. If it were certain there was only one, it would be equally insufficient.

The district court erred in overruling the motion to quash the indictment, and discharge the defendant from custody, and the judgment is reversed.

Judgment reversed.