GREEN v. MARBLE.

**Parties:** REAL PARTY IN INTEREST. A person to whom a note and guaranty has been transferred by verbal assignment, becomes invested with the right of property in the chose in action, and may, as the real party in interest, maintain an action thereon in his own name.

· *Appeal from Grundy Circuit Court.*

THURSDAY, SEPTEMBER 18.

ACTION at law. One Wilson executed his promissory note to defendant, who, after maturity, transferred it to Groat, and executed a guaranty in the following words: "I guarantee the payment of the within note within thirty days from the 17th day of October, 1870. Elias Marble." Before the expiration of thirty days Groat verbally assigned the note and guaranty to plaintiff.

There was a trial to the court without a jury, and a judgment for plaintiff. Defendant appeals.

*E. P. Baker* and *E. W. Eastman* for the appellant.

*Rice & Moffitt* and *H. C. Hemenway* for the appellee.

BECK, Ch. J. — I. The defendant insists that as the note is not indorsed to plaintiff, and the guaranty is not negotiable, recovery can only be had, if at all, in equity. But as no objection was made in the court below as to the forum in which the suit was prosecuted, an error in that respect will avail the defendant nothing in this court. Rev., §§ 2613, 2616, 2619; *Taylor* v. *Adair & Goff*, 22 Iowa, 279; *Van Orman* v. *Merrill*, 27 id. 476; *Hatch* v. *Judd*, 29 id. 95.

II. The verbal assignment of the note and guaranty transferred to plaintiff the property in the choses in action of which these instruments are the evidence. Plaintiff thus became the real party in interest — the one entitled to the chose in action — and may maintain a suit in his own name to recover upon the guaranty. Rev., § 2757; *McDowell* v. *Bartlett*, 14 Iowa, 157; *Conyngham* v. *Smith et al.*, 16 id. 471; *Younker* v. *Martin*, 18 id. 143; *Cottle* v. *Cole*, 20 id. 482; *Rice* v. *Savery*, 22 id. 470; *Pearson* v. *Cumings*, 28 id. 344.

The judgment of the circuit court is sustained by the facts and the law of the case; let it be

Affirmed.