R. B. WARD v. EDWARD RYBA.

No. 10296.

REPLEVIN BY AGENT — *in his own name for property of principal, not maintainable under general allegation of ownership in himself.* An agent who takes in his own name a bill of sale of personal property in payment of a debt due to his principal, and who upon taking possession of the property for his principal is dispossessed of it by third parties, cannot maintain replevin in his own name for its repossession under a general allegation of ownership in himself, without stating the facts in relation to his special interest and right of possession.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed December 11, 1897. *Reversed.*

*Ellis, Reed, Cook & Ellis, T. M. Noble, B. T. Bullen* and *E. B. Towle,* for plaintiff in error.

*J. F. Close* and *N. T. Van Natta,* for defendant in error.

DOSTER, C. J. This was an action of replevin for a stock of goods. Frank Barnett was at one time the owner of the stock. He was indebted to Rosa Ryba in the sum of five thousand dollars, evidenced by promissory notes which, by her direction, he had executed to the defendant in error, her son. Barnett became financially embarrassed, and by agreement with the defendant in error gave to him and in his name a bill of sale of the goods, in payment of the notes. The defendant in error was at the time in charge of the stock as Barnett's employee, and upon receiving the bill of sale of it, assumed possession thereunder. This was done without the knowledge, at the time, of Mrs. Ryba, the real owner of the notes, but was ratified by her when she was informed of it. Soon thereafter, certain creditors of Barnett attached

the goods. The defendant in error brought replevin for their possession, alleging generally that he was the owner. The question for determination is whether, under an allegation of ownership of property, recovery can be had under proof of owership in another and right to possession merely as his agent or trustee. The District Court decided that it could be done, and gave judgment accordingly ; from which the defendant in that court prosecutes error to this.

The claim of error is well taken. There are three provisions of the Code which bear upon the question. Section 177 provides that an order for the delivery of personal property shall be made when the plaintiff files an affidavit that he is the owner of such property, '' or has a special ownership or interest therein, stating the facts in relation thereto.'' In this case the statutory affidavit was not filed. This, however, merely dispensed with the issuance of an order of delivery before judgment. *Batchelor v. Walburn,* 23 Kan. 733. It did not dispense with the necessity of a petition containing the averments of ownership and right of possession which are required in the affidavit. If it be that a person entitled to the possession of goods belonging to another can maintain replevin for their delivery to him by virtue of his agency or trusteeship for the owner, he must, under this provision of the Code, state the facts in relation thereto ; because his ownership or interest therein is a special one. In the case of *Kennett v. Peters* ( 54 Kan 119 ), it was decided that one who in a replevin action alleges general ownership of the property cannot recover upon proof of special ownership of it as mortgagee. The terms of the Code apply as much to a special ownership or interest as trustee or bailee as to a special ownership or interest as mortgagee. The object in both cases is to compel a disclosure of the claims constituting the

plaintiff's cause of action, so as to enable the defendant to meet them with counter-evidence if he can, and to enable the parties to examine the jury on their *voir dire* as to their prejudice against or sympathy for them.

Section 26 of the Code requires that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 28."

Section 28 declares: "An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted." The defendant in error claims that his case falls within the exception of either a "trustee of an express trust," or, "a person with whom or in whose name a contract is made for the benefit of another."

It does not fall within the first of these exceptions, because to constitute a trustee of an express trust there must be an express agreement creating the trust and appointing the trustee, or something which the law will regard as equivalent to such agreement. Bliss on Code Pleading, § 54; Pomeroy on Remedies and Remedial Rights (2d ed.), § 172, *et seq.* The mere fact that one person stands in a fiduciary relation to another does not make him the trustee of an express trust. By the very terms of section 28, implied trusts are without the exception to the general rule prescribed by section 26.

The legal title to the stock of goods in question was put in the name of the defendant in error, not as trustee *eo nomine*, nor by the use of words from which such relation can be implied, but by the use of words which evidence ownership by him in his own right. The consideration for the sale, however, was paid by

his mother. The law, therefore, implies a trust in him for her. Such trusts are not express, and do not entitle the trustee to sue in his own name.

Nor does the case fall within the exception of contracts made in the name of or with one person for the benefit of another. That exception applies only where suit is brought on the contract against the promisor, and not to actions by the promisee against others in respect to the subject-matter of the contract. All the cases cited by defendant in error are to such effect. They proceed upon the ground that the promisor has invested the promisee with the legal title, and has therefore created in the promisee, as against himself, a right of action. For example, suits have been maintained by agents upon promissory notes executed to them for money belonging to their principals. This, because the promise being to pay the agent, a right to demand payment became thereby vested in him, with the consequent right to sue for its enforcement. Pomeroy on Remedies and Remedial Rights, § 175, *et seq.* In all such cases the promisor has in reality agreed that the agent may sue in his own name upon default in the fulfilment of the promise. It does not, however, follow in all cases that the agent may institute suits in his own name against strangers to the contract for the protection of his principal's interests in its subject-matter. The case of *Douglas v. Wolf* (6 Kan. 89) is cited as authority for the maintenance of replevin by an agent in his own name against strangers for the recovery of his principal's property. It was stated in that case that " the plaintiff's testimony tended to show a *general* and also a special ownership in the property itself." The case of an agent with an interest of his own in his principal's property is entirely different from the one under consideration. In such case the agent may maintain the action in his

own name because he has an interest in the property; and this is the ground upon which the decision of *Douglas v. Wolf*, supra, rests, as do also a large number of like cases. Bliss on Code Pleading (3d. ed.), § 59*a*.

The judgment of the court below is reversed, for proceedings in accordance with this opinion.