STATE OF IOWA v. THOMAS DAILY, JR., Appellant.

Offense on Boundary Line of Counties: INDICTMENT. The venue of an offense which is triable in either of two counties as provided by Code, section 5158, because committed within five hundred yards of the boundary line between them, is not sufficiently laid by an averrment that it was committed in the county where the indictment was found, or in another county within five hundred yards of the boundary line between the two counties, "as near as the grand jury knew and can state."

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

WEDNESDAY, APRIL 10, 1901.

DEFENDANT was indicted, tried, and convicted of the crime of seduction, and from the judgment imposed appeals. —*Reversed.*

*Thomas Stapleton* and *D. P. Thomas* for appellant.

*C. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

DEEMER, J.—The indictment alleges that the crime was committed "in the county of Iowa and the state of Iowa, or within Keokuk county, Iowa, within five hundred yards of the southern line of Iowa county, as nearly as the grand jury know and can state." After conviction defendant moved in arrest of judgment on the ground that the indictment failed to charge an indictable offense within the jurisdiction of or triable by the district court of Iowa county, in that it failed to aver venue. This motion was overruled, and the exception to this duling presents the first matter for our consideration. It must appear from the indictment itself "that the offense is triable within the jurisdiction of the court." Code, section 5289. This must be shown by express averment, and not by inference or suggestion. Unless it clearly appears that the crime alleged was committed in the county where the indictment was found, or within 500 yards of the boundary thereof, the court has no jurisdiction. Code, sections 5154, 5158. There was, it is true, no necessity for averring that the crime was committed within 500 yards of the boundary of Iowa county; for, under an allegation that it was committed in Iowa county, the fact that the place of the offense was within 500 yards of the boundary thereof could be shown. *State v. Pugsley,* 75 Iowa, 742. But the pleader

was not content to stand on this naked averment. He states that the crime was committed in Iowa county, or in Keokuk county, within 500 yards of the south line of Iowa county, as nearly as the grand jury knew and could state. Whether the offense was committed in Iowa or Keokuk county does not clearly appear. It may have been in either, but, if in Keokuk county, it does not sufficiently appear that it was within 500 yards of the south line of Iowa county. The averment is that, "as nearly as the grand jury knew and can [could] state," it was within the 500-yard limit. • In so far as the allegation is concerned, the crime may have been committed within the jurisdiction of the court, or it may not have been. It was the duty of the grand jury to know and to state that the offense was committed at a place within the jurisdiction of the court to which their presentment was made. There are certain matters unknown to the grand jury that need not be stated in the indictment. As to such matters it is sufficient to say that they are unknown. Thus it is sufficient to state: That the Christian name of defendant is unknown. *Jones v. State,* 11 Ind. 357. That the name of a person other than accused was unknown. *State v. Ean,* 90 Iowa, 534; *Geiger v. State,* 5 Iowa, 484. That the character of the instrument with which the crime was inflicted was unknown, and that various other matters, purely of description, were unknown to the grand jury. But this rule does not obtain as to jurisdiction. This fact must be stated, for it is necessary to know and to state facts showing jurisdiction in the court that is to try the case. It appears from the indictment that the grand jury did not know exactly where the offense was committed. As nearly as they knew, it was, if in Keokuk county, within 500 yards of the southern boundary of Iowa county. Whether or not it was in fact committed within the jurisdiction of the Iowa county district court does not appear. The statement relates to the knowledge of the grand jury, rather than to the fact itself. We think the motion in arrest should have been sustained. As supporting our con-

·clusions, see *State v. Bushey*, 84 Me. 460 (24 Atl. Rep.
·940) ; *Territory v. Do*, 1 Ariz. 508 (25 Pac. Rep. 472).
This view of the case relieves us of the necessity of consid-
·ering others matters discussed by counsel.· For the error
pointed out, the judgment is REVERSED.