## FRISCO LUMBER CO. v. WALDOCK.

No. 6558—Opinion Filed Jan. 15, 1918.

Rehearing Denied Dec. 3, 1918.

(176 Pac. 220.)

(Syllabus.)

1. Sales — Delivery — Bills of Sale.

Where personal property is, from its character or situation, incapable of actual delivery, the delivery of the bill of sale or other evidence of title is sufficient to transfer the property and possession to the vendee.

2. Trusts—Delivery—Bills of Sale.

Where W. purchased growing timber with the funds and for the use and benefit of his employer, but took the bills of sale in his own name, a delivery of these bills of sale to his employer in execution of the trust, without formal assignment, transferred the property and the possession to the employer for whom it was purchased.

3. Trusts — Establishment — Issues and Proof.

Where W. prosecuted an action on cross-petition alleging ownership of personal property in himself, praying equitable relief for his individual use and benefit, and it appeared the bill of sale under which he claimed title, although in his own name, was taken by him as agent and for the use and benefit of his principal, and this bill of sale and the constructive possession of the property delivered to his principal in execution of his trust, there was a failure of proof to sustain the cause of action alleged.

Error from District Court, McCurtain County; Summers Hardy, Judge.

Action for injunction by the Frisco Lumber Company against A. J. Waldock, with cross-action by defendant for injunction. From a judgment in favor of defendant, plaintiff brings error. Reversed, and cause remanded, with directions to dissolve the injunction and dismiss the cross-petition.

See, also, 71 Okla. 200, 176 Pac. 218.

John Cocke, John M. Willis, and Ames, Chambers, Lowe & Richardson, for plaintiff in error.

McPherren & Cochran, for defendant in error.

H. M. Kirkpatrick and J. S. Kirkpatrick, amici curiae.

OWEN, J. This appeal is prosecuted by the Frisco Lumber Company from the judgment of the district court of McCurtain county, in the action from which Waldock presented an appeal in case No. 6433, Waldock v. Frisco Lumber Co., 71 Okla. 200, 176 Pac. 218 (decided this term), but only so far as it relates to the timber described as tract No. 16, allotted to David McKinney. The trial court granted the relief prayed by Waldock as to this tract of timber, enjoining the lumber company from interfering with Waldock's right to the same.

It appears from the findings of facts made by the referee, and which findings was confirmed by the court, that Waldock in 1904 secured a bill of sale, or timber contract, from the original allottee, David McKinney, to all of the timber on this tract; in 1905 this same allottee executed a conveyance of this timber to Armstrong and Spencer, and this conveyance was assigned to the Frisco Lumber Company; in 1909 this same allottee executed a conveyance to the Frisco Lumber Company of the timber in question, and to the terms of this conveyance ratified and confirmed the conveyance to Armstrong and Spencer.

Waldock in his cross-petition alleged ownership in himself of this tract of timber and prayed equitable relief for his individual right and benefit. To sustain his cross-petition, he made proof of his contract taken from the original allottee in 1904. It is conceded when this contract was taken he was acting as the agent and using the money of the Kansas City-Choctaw Timber Company, and the timber was purchased for the use and benefit of this company. Waldock was present at a meeting of the board of directors of the timber company at which time he was requested to assign and deliver all the contracts taken by him, and did deliver this contract, but without formally assigning the same.

It is urged by the plaintiff in error that Waldock had no such ownership of the timber as authorized him to recover under the allegations of his cross-petition.

Defendant in error insists that Waldock had, at least, the legal title in trust for the Kansas City-Choctaw Timber Company, and under the provisions of section 4683, Rev. Laws 1910, is the proper party to maintain the cross-petition. This section authorizes a trustee or person with whom, or in whose name, a contract is made for the benefit of another, to bring an action without joining with him the person for whose benefit the action is prosecuted.

The question presented here is whether, under an allegation of ownership of personal property, and a prayer for equitable relief for individual use and benefit, recovery can be had under proof of ownership in another, not a party to the action.

This does not present a question of defect of parties, but a failure of proof to sustain the cause of action. Waldock did not allege that he was a trustee, or that he claimed title to the property, or right to possession thereof, under a contract made for the benefit of another. On the contrary, his allegation is unequivocal and explicit, alleging ownership in himself and praying equitable relief for his individual use and benefit.

The Supreme Court of Kansas, from which state we took this statute, had before it this identical question, under a similar state of facts, in the case of Ward v. Ryba, 58 Kan. 741, 51 Pac. 223. In that case, the plaintiff purchased a stock of goods with money furnished by his mother and for her use and benefit, taking the bill of sale, however, in his own name. Creditors of the prior owner attached the goods as the property of the prior owner. Plaintiff brought an action in his own name to recover possession of the goods. In holding he could not maintain the action, that court said:

"The defendant in error claims that his case falls within the exception of either a 'trustee of an express trust,' or 'a person with whom or in whose name a contract is made for the benefit of another.' It does not fall within the first of these exceptions, because to constitute a trustee of an express trust there must be an express agreement creating the trust and appointing the trustee, or something which the law will regard as equivalent to such agreement. Bliss,

Code Pl. § 54; Pom. Rem. § 172 et seq. The mere fact that one person stands in a fiduciary relation to another does not make him the trustee of an express trust. By the very terms of section 28, implied trusts are without the exception to the general rule prescribed by section 26. The legal title to the stock of goods * * * was put in the name of the defendant in error, not as trustee eo nomine, nor by the use of words from which such relation can be implied, but by the use of words which evidence ownership by him in his own right. The consideration for the sale, however, was paid by his mother. The law, therefore, implies a trust in him for her. Such trusts are not express, and do not entitle the trustee to sue in his own name.

"Nor does the case fall within the exception of contracts made in the name of or with one person for the benefit of another. That exception applies only where suit is brought on the contract against the promisor, and not to actions by the promisee against others in respect to the subject-matter of the contract."

As was held in considering the appeal prosecuted by Waldock heretofore referred to, the bill of sale from the allottee to Waldock, for the purposes of this case, it must be conceded, operated as a severance of the timber from the land, and the timber must be considered as personal property. This bill of sale operated to convey the title and constructive possession of the timber to Waldock. He was acting, at that time, as the agent of the timber company, and took the title for his principal, and his constructive possession was the possession of his principal (Masters v. Teller, 7 Okla. 668, 56 Pac. 1067), and a delivery of the contracts by Waldock amounted to an equitable assignment of the same (2 R. C. L. p. 626; Frost v. Witter, 132 Cal. 421, 64 Pac. 705, 84 Am. St. Rep. 53). This delivery was in execution of the trust, the object of which had been accomplished. A surrender of the trust and a conveyance by the trustee will be presumed when the object of the trust has been accomplished and the evidence of title delivered to the equitable owner, without formal assignment. Combs v. Brown. 29 N. J. Law. 36; Mitchell v. Mitchell. 35 Miss. 108; Gibson v Stevens, 8 How. 384 12 L. Ed. 1123.

Counsel for defendant in error insist the objection to Waldock's maintaining the cross-petition was waived when the plaintiff in error failed to demur or raise the question by answer. The cross-petition did not allege the source or character of Waldock's title. The lumber company filed a general denial, which put in issue his right to recover. At the conclusion of the testimony the lumber company moved for judgment, for the reason the proof showed that Waldock had no such ownership as would entitle him to maintain the cross-petition. That raised the question of the sufficiency of the proof, and not merely the capacity of Waldock to sue.

In the case of M., K. & T. Ry. Co. v. Lenahan, 39 Okla. 283, 135 Pac. 383, objection was made that plaintiff, suing in her own name and for her individual use and benefit, could not maintain the action under the federal Employers' Liability Act, under which the cause of action was in the legal representative. It was urged the objection was waived because not raised by demurrer or answer. At the conclusion of the trial the railway company moved for a peremptory instruction directing a verdict in its favor. It was held:

"We conclude that it was reversible error to overrule defendant's request for a peremptory instruction. The plaintiff had failed to bring herself within the condition prescribed in the statute, and, having no right to maintain the action at common law, or aside from the statute, she failed to show a personal right to recovery. The case is not one of defect of parties or want of legal capacity to sue; it is purely a want of cause of action in the plaintiff."

In the case of Conyngham v. Smith, 16 Iowa, 471, the assignee of a judgment, under a parol contract of assignment, was held to be the proper party to maintain the action. In the case of Green v. Marble, 37 Iowa, 95, it was held a verbal assignment of a note and guaranty transferred the property to which the instrument was evidence, and the assignee under this verbal assignment, without formal indorsement, because the real party in interest and the proper party to maintain the action.

The judgment of the lower court, in so far as it granted Waldock's prayer for relief concerning the David McKinney tract No. 16, is reversed, and the cause remanded, with direction to dissolve the injunction and dismiss the cross-petition as it refers to this tract.

All the Justices concur, except HARDY, J., being disqualified, not participating.