## LITTLEFIELD v. BOX et al.

No. 21185.  Opinion Filed April 25, 1933.

L. D. Threlkeld and J. E. Bullard, for plaintiff in error.

Disney, Wheeler & Alcorn and Charles S. Piepgrass, for defendants in error.

RILEY, C. J. On March 31, 1920, Fred Box and Grover C. Autrey, being the owners of certain land in Canadian county, entered into a written contract with one E. A. Pettit to sell said land to said Pettit for an1 in consideration of $18,500, "and a reservation of an undivided one-half of the one-eighth interest in all oil, gas and mineral royalties."

The contract, among other things, provided that Pettit should execute a mortgage on said land back to the grantors to secure a note in the sum of $4,000, a part of the purchase price, and execute a bill of sale to certain other property. On the same day Box and Autrey executed a deed of conveyance of said land to Pettit, and Pettit executed a $4,000 mortgage, and the bill of sale mentioned in the contract. The deed, mortgage, bill of sale, and contract were placed in escrow in a bank at Dustin, Okla., pending the preparation and examination of an abstract of title. Shortly thereafter, in the presence of all the parties, the papers were taken from the bank and delivered, the deed was delivered to Pettit, and mortgage and bill of sale were delivered to Box and Autrey. Box and Autrey did not file their mortgage for record until August 12, 1920. The deed to Pettit was not filed for record until December 9, 1920. Pettit was then on a deal to sell or trade the land to one T. J. Brown. On the latter date Pettit executed a general warranty deed, conveying the land to T. J. Brown. This deed was delivered and placed of record about December 15, 1920. About November 18, 1921, T. J. Brown conveyed the land to plaintiff in error, W. W. Littlefield.

This action was commenced March 5, 1930, by Fred Box and Grover Autrey to recover possession of and quiet their title to an undivided one-half of a one-eighth interest in the oil, gas, and mineral rights in said land. Their claim is that the deed from them to Pettit, dated March 31, 1920, when executed by them and delivered to Pettit, contained a reservation of said interest in said land, and that after said deed was delivered to Pettit, it was altered and changed, without the knowedge or consent of plaintiffs, by striking out said reservation, and in such changed condition was filed for record. They alleged that they did not discover the alteration of the deed until shortly before this action was commenced. Defendant answered by general denial. He also filed a cross-petition, in which he alleged, in substance, the purchase of said land for value from T. J. Brown, without notice or knowledge, and without any means of knowing of the claim of plaintiffs. He prays that his title be quieted as against the claims of plaintiffs.

The cause was tried to the court without a jury, resulting in a finding that the deed from Box and Autrey to Pettit when executed contained therein as a part of said deed a reservation reserving to Box and Autrey one-half of one-eighth interest in oll oil, gas, and mineral royalties produced from the land therein described, and that prior to the time said deed was filed for record and recorded said clause making such reservation had been stricken out without the knowledge or consent of the grantors. There is also a specific finding that defendant, Littlefield, purchased the land in good faith for a valuable consideration and without notice of the reservation in or the alteration of said deed. The court then found that by the clause mentioned plaintiffs reserved to themselves 1/16, and conveyed to Pettit 15/16 of all the oil, gas, and mineral rights in said land. Judgment and decree was for plaintiffs, and defendant appeals.

There are nine assignments of error, but the principal question and contention of plaintiff in error is that the evidence is insufficient to sustain the findings and judgment.

The rules contended for by plaintiff in error are:

First. That in this kind of a case this court will consider the whole record and weigh the evidence and determine therefrom whether or not the judgment of the trial court is clearly against the weight of the evidence, and, if found so to be, render or cause to be rendered such judgment as the trial court should have rendered, and.

Second. Where plaintiff asserts an inter-

est in real property and bases his claim upon the alleged alteration of a deed after execution and delivery thereof, he must make out his case by evidence which is clear, strong, and convincing.

The correctness of these rules and their applicability is not seriously questioned by defendants in error. Applying these rules the judgment of the trial court is abundantly supported by the evidence as shown in the record. The record does disclose a conflict in the evidence on the one particular question, i. e., whether or not the reservation was actually inserted in the deed from Box and Autrey to Pettit at the time of the delivery thereof. That the reservation was provided for and contained in the original contract is beyond question. One of the original copies of that contract was in evidence and shows agreement for the reservation. The original deed could not be produced and plaintiffs and defendant were alike compelled to resort to parol evidence. The testimony of both Fred Box and Grover Autrey was positive to the effect that the deed contained the reservation. The testimony of Pettit is equally positive that the deed did not. T. J. Brown died before the trial, but his son, Charles R. Brown, who testifies that he was interested in the sale of the land from Pettit to his father, and that he attended to many of the details in consummating the transaction, and that he helped to verify the deed from Pettit to his father with reference to the description, and that he had before him what purported to be the original deed, is equally positive that the deed did not contain the reservation and showed no evidence of alteration or erasure. In addition to the evidence of the two plaintiffs, the record contains the testimony of L. G. McIntosh, the notary public before whom Box and Autrey acknowledged the deed, and who dictated the deed to the stenographer who wrote it out on a typewriter. He testifies positively that the reservation was inserted in the deed as well as in the contract that he dictated. The testimony of the stenographer who wrote the deed is that she wrote it just as it was dictated by McIntosh. Dr. C. S. Wallace, who signed the deed as one of the witnesses, testified that he remembered that the reservation was being made in the deed instead of making a separate deed back to the grantors. A Mr. Pennebaker, an abstractor of El Reno, testified that the deed was probably mailed to him with the request that he cause it to be filed of record; that he did file the deed for record and prepared an abstract and did not remember having seen any words stricken

out of the deed or any evidence of alteration. Mr. Arthur Ersland, a life insurance agent of Chickasha, who prepared the deed from Pettit to Brown, testified that he had before him at the time what purported to be a deed from Box and Autrey to Pettit and copied the description of the land therefrom; that Charles R. Brown was present part of the time, and that he (Ersland), with a young lady stenographer in the office, checked the description of the land in the deed which he had prepared against that in the deed from Box and Autrey to Pettit. He testified that he did not remember having seen a reservation in the deed. He also testified that he did not remember whether the deed showed any indication of erasure or alteration. He admitted, however, that there might have been one or two words erased or stricken out. On cross-examination he admitted having observed alterations in the deed sufficient to cause him to inquire of Mr. Brown concerning the matter, and that Brown had then instructed him to make the deed like the one he had before him. In explanation he testified that the alteration consisted of a line being run through a few type-written words in the original deed, but was quite positive that the words were not the reservation in the deed.

As to who was responsible for having the deed recorded in the altered form, if it was altered, Pettit and Charles R. Brown disagree. Each apparently sought to shift the responsibility onto the other. Pettit says Brown had the deed recorded and Brown insists that Pettit had it recorded. Pettit, in substance, admitted that the deed was returned to him, and accounts for his inability to produce the deed, explaining that in moving from Holiday, Tex., to Wichita Falls, Tex., some time about 1926 or 1927, he burned a number of old papers, and remembers having burned the envelope containing, as he supposed, the original contract between Box, Autrey, and himself, and said that he presumed that the envelope also contained a deed, and if so the deed was burned at that time.

The record points strongly toward willful and deliberate perjury on one side or the other, but all the disinterested witnesses, who are in position to know and testify that they remember the facts, corroborate plaintiffs. The finding and decree of the trial court are not clearly against the weight of the evidence, but are in accord therewith, and are supported by evidence clear, strong, and convincing. Plaintiff in error in his brief suggests that the doctrine of estoppel should be applied, and that

plaintiffs should be estopped from asserting their claim, because of their conduct in taking the mortgage back on the land which did not mention the reservation, and their long delay in asserting their rights. But estoppel is not pleaded, and the evidence is not such as to sustain the plea had it been made.

The judgment and decree are affirmed.

CULLISON, V. C. J., and McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. SWINDALL, ANDREWS, and WELCH, JJ., absent.