## BUTLER, Adm'r, et al. v. BUTLER et al.

No. 21943.   April 24, 1934.

Wm. T. Powell, for plaintiffs in error.

J. W. Brooks and Embry, Johnson, Crowe & Tolbert, for cross-petitioners Willard E. Butler, Ella Mae Butler, and for defendant in error Walters National Bank.

Embry, Johnson, Crowe & Tolbert, for defendants in error Pioneer Mortgage Company and Metropolitan Life Insurance Company.

PER CURIAM. The matter in litigation in this suit will be better understood by a brief statement of the issues. A. N. Butler, as administrator of the estate of Parvin Butler, deceased, brought this action against Willard E. Butler and Ella Mae Butler, his wife, the Pioneer Mortgage Company, the Metropolitan Life Insurance Company and the Walters National Bank of Walters, Okla., defendants.

In his amended petition plaintiff states that Parvin Butler died on the 22nd day of May, 1928, and at the time of his death was the owner of the legal and equitable title of and in the notorious possession of

the following described real estate in Cotton county, Okla., to wit: The northeast quarter of section 21, township 23 south, range 11 west, containing 160 acres, more or less.

That on October 24, 1927, there was filed in the office of the county clerk of said Cotton county, Okla., what purported to be a deed of said date executed by Parvin Butler, a widower, conveying the fee-simple title to said land to Willard E. Butler, which the plaintiff alleges was a forgery and therefore null and void.

That on November 1, 1927, the said Willard E. Butler and Ella Mae Butler executed to the Pioneer Mortgage Company a real estate mortgage covering said land in the sum of $3,500 as evidenced by a note signed by Willard E. Butler, Ella Mae Butler, and Parvin Butler, deceased, which was null and void, same not having been executed by the said Parvin Butler because of his mental and physical condition which rendered him incapable to read or write or to understand his acts, and the same was without consideration.

That on November 17, 1927, said Pioneer Mortgage Company assigned its title to said mortgage to the Metropolitan Life Insurance Company.

That on November 1, 1927, said defendants Willard E. Butler and Ella Mae Butler executed their certain real estate mortgage covering said land to secure an alleged commission indebtedness of $175, which was void for the reason Parvin Butler's mind was so impaired that he did not realize what he was doing when he executed the same.

That on December 15, 1928, said defendants Willard E. Butler and Ella Mae Butler executed and delivered to the Walters National Bank a purported mortgage on said land to secure certain notes aggregating $2,879.60, and that all of said instruments were duly recorded.

That since the death of Parvin Butler, it is alleged that Willard E. Butler and Ella Mae Butler, his wife, used and occupied said premises, which were reasonably worth the sum of $500 per annum, which is due and owing to the plaintiff.

Wherefore, the plaintiff prayed judgment against all of the defendants above named for the cancellation of said purported deed and mortgages and that defendants be required to set forth their interest, if any, which they claim to have in said real estate; that plaintiff's title be quieted and that plaintiff be awarded possession of said premises, and judgment for the rents and profits since May 22, 1928, in the sum of $500 per annum, and for general relief.

On May 12, 1929, an order of said court was made in which A. N. Butler, personally, Glenna B. Dyke, children of said deceased, and Elmer Henry, an adult, and Arthur Henry, Thomas Henry, and Dorothy Henry, minors, were made additional parties (they being children of a deceased daughter of Parvin Butler) and on motion thereafter made Lon Morris was appointed guardian ad litem for the minor defendants, Dorothy Henry, Thomas Henry and Arthur Henry.

On April 11, 1929, the defendants Willard E. Butler and Ella Mae Butler, filed their answer denying all allegations in plaintiff's petition except as admitted, the defendants admitting that they received a deed from Parvin Butler to said real estate which was placed of record and that defendants are in possession of said real estate. For cross-petition defendants allege that on the 24th day of October, 1927, the date of execution of said deed by said Parvin Butler, he, the said Parvin Butler, was in possession of said real estate and that he was of sound and disposing mind, and that said deed was made for ample consideration; that the said Parvin Butler made his home with these defendants who cared for him for a number of years, paid his expenses and hospital bills for six years prior to his death and that he required extraordinary care; and that said deed was dully acknowledged and placed on record. And defendants further allege that on account of indebtedness on which they and the said Parvin Butler were obligated and the expenditures made, there was a total sum of $8,500 reasonably due defendants, which was liquidated and paid by the execution of said deed. That if said Parvin Butler was incompetent or insane to such an extent that he did not realize what he did in making said deed, these defendants had no knowledge thereof and that they entered into said contract of conveyance in good faith without notice of any incapacity on the part of said Parvin Butler. That no time before or after the execution of said conveyance had the said Parvin Butler been declared or adjudged to be insane or incompetent, and that no guardian was ever appointed for him or his estate and none of the heirs of said deceased had ever offered to pay defendants for any of their expenditures which were the consideration of said deed, and that on the death of said Parvin Butler he left surviving him as heirs Alvah N. Butler, Glenna B. Dyke, formerly Butler, and Willard E. Butler, his sons and daughter, and Elmer Henry, age 21 years, Arthur Henry, age 18 years, Thomas Henry, age 16 years, and Dorothy Henry, age 7 years, children of Winnie Henry, deceased, who was a daughter of Parvin Butler, and that said defendants claim some right to the above-described real property or interest therein, but that any right, title or interest that they may have are inferior, junior, and subsequent to the rights of the answering defendants.

The answering defendants, cross-petitioners, further allege that defendant Allan N. Butler caused to be placed of record certain spurious illegal instruments purporting to convey parts of said real estate as follows:

A deed to Alvah N. Butler recorded in book 52 at page 426 from Parvin Butler;

A deed from Glenna B. Dyke recorded in book 52 at page 427; and

A deed to Winnie May Henry recorded in book 52 at page 428.

Answering defendants further deny the execution and delivery of said deeds, which they claim are illegal and void and cast a cloud upon the title which should be canceled and removed, and title quieted as against them.

Wherefore, defendants pray that plaintiff take nothing by reason of his amended petition; that in the event Parvin Butler was adjudged to be incompetent to execute the said deed to the said Willard E. Butler, that cross-petitioners be placed in statu quo and reimbursed in the sum of $8,500; that defendants be barred from having or claiming any interest in said real estate as against cross-petitioners and that said purported deeds be canceled and held for naught, and that cross-petitioners have such further relief as may be just and equitable.

For its answer, the defendant the Metropolitan Life Insurance Company admits that a mortgage was made by the defendants Willard E. Butler and Ella Mae Butler to the answering defendant Pioneer Mortgage Company, on November 1, 1927, to secure the sum of $3,500, money loaned, which said note and mortgage were duly assigned to this answering defendant for value in the sum of $3,500, cash paid. That at the time said mortgage was made by the said Willard E. Butler, he was the owner of said real estate and that said Pioneer Mortgage Company and this answering defendant relied upon the record title and ownership, and that neither had any knowledge or notice of any claim to the title adverse to the said Willard E. Butler, and that the defendant is a bona fide incumbrancer of said real estate.

For further cross-petition said Metropolitan Life Insurance Company alleges substantially the same facts as pleaded in its answer.

Wherefore, the premises considered the answering defendant and cross-petitioner, Metropolitan Life Insurance Company, prays that plaintiff take nothing by his action and that defendant have judgment adjudging its mortgage lien upon and against said property to be a valid subsisting first and prior lien to secure said loan in the sum of $3,500; that cross-petitioner be adjudged to be a bona fide purchaser, and that cross-petitioner have judgment in the sum of $300 to repay it for its expense and attorney fees in connection with the defense of said lien, together with such further relief as may be just and proper in the premises.

For its answer and cross-petition the defendant the Pioneer Mortgage Company pleads the same facts as set forth in the answer and cross-petition of the Metropolitan Life Insurance Company, and alleges that incident to the making of the real estate mortgage now owned and held by the Metropolitan Life Insurance Company, a commission note and mortgage were executed to the defendant the Pioneer Mortgage Company for the sum of $175, and that said mortgage company asks that it be declared a valid lien on said real estate in the sum of $87.50, balance due, superior to the rights of plaintiff and all defendants save and except that it be subject to the rights of the Metropolitan Life Insurance Company as aforesaid.

The answer on the part of the defendants Dorothy Henry, Thomas Henry, and Arthur Henry, filed by their guardian ad litem, in substance, is as follows: That they adopt the pleadings and allegations in the amended petition of A. N. Butler, administrator, as the cause of action on the part of these defendants and each of them do severally deny the allegations of the answer and cross-petition of Willard E. and Ella Mae Butler, defendants, and likewise deny the answer and cross-petition of the Metropolitan Life Insurance Company, and the answer and cross-petition of the Pioneer Mortgage Company.

The defendants Alvah Norman Butler, subscribing his name as A. N. Butler, and Glenna B. Dyke, answering to the cross-petition of Willard E. and Ella Mae Butler, deny each and every material allegation contained in said answer and cross-petition which is not explained, modified, or admitted. They allege that on June 15, 1926, it was mutually agreed on the part of Parvin Butler, now deceased, as first party, and these answering defendants, and the said Willard E. Butler, Winnie May Henry, Glenna B. Dyke, and Alvah Norman Butler, as parties of the second part, they being the children of said Parvin Butler then living, that the property of Parvin Butler should be divided as follows:

All the personal property then belonging to Parvin Butler, and the northwest quarter of the northeast quarter of section 21, containing 40 acres, should be received by Willard E. Butler; that Winnie May Henry should receive the southwest quarter of the northeast quarter of said section 21; that Alvah Norman Butler should receive the northeast quarter of the northeast quarter of section 21, together with lots 15 and 16 in block one, Slatons addition to Walters, Okla.; and in pursuance of said oral agreement and at said time and place Parvin Butler made, executed, and delivered

in writing four certain warranty deeds conveying to said parties certain real estate as above described, and that the personal property was delivered to and accepted by said Willard E. Butler, who as a consideration promised and agreed to and with the other parties and Parvin Butler to care for said Parvin Butler and to board and clothe him for the remainder of his lifetime and on the death to pay all expenses of burial and funeral, and that during the life of said Parvin Butler, said Willard E. Butler and Ella Mae Butler, his wife, were to use and occupy all the northeast quarter of said section 21, township 3, south, range 11 west in Cotton county, Okla.

Wherefore, the answering defendants A. N. Butler, Glenna B. Dyke, pray that they be declared the sole and exclusive owners and entitled to the right of possession of the northeast quarter of section 21, township 3 south, range 11 west, containing 40 acres, and lots 15 and 16, block 1, Slatons addition to Walters, Okla.; that Glenna B. Dyke be declared the sole and exclusive owner and entitled to right to possess the southeast quarter of the northeast quarter of said section, township, and range, containing 40 acres; that their title be quieted and confirmed.

As a reply to the answer and cross-petition of A. N. Butler and Glenna B. Dyke, the Walters National Bank denies each and every material allegation therein contained. Said bank further alleges that the note executed to said bank and the mortgage were executed in good faith for value, and refers to its answer which is made a part of its reply, and says that it had no knowledge of the existence of the deeds referred to in said answer of A. N. Butler and Glenna B. Dyke, and that it relied upon the records which did not show said deeds at the time it received its mortgage.

For reply to the answer and cross-petition of A. N. Butler and Glenna B. Dyke, defendants Willard E. and Ella Mae Butler deny each and every allegation therein contained.

For reply to the answer and cross-petition of the Metropolitan Life Insurance Company and the Pioneer Mortgage Company, the said A. N. Butler, as administrator, and the said A. N. Butler, personally, and Glenna B. Dyke and Thomas Henry, Dorothy Henry, and Arthur Henry, minors, deny each and every and all material allegations in said answer and cross-petition.

Counsel for plaintiffs in error A. N. Butler, administrator, Glenna B. Dyke, A. N. Butler, and Elmer Henry, in his brief, does not state the issues nor does he quote from the evidence, neither does he assign any errors or cite any authorities; consequently, to review the case they in effect ask the court to examine the whole record to find whether or not they were injured in any way by the judgment that was rendered by the trial court. They maintain in their narrative statement that the four deeds which were executed to the four children of Parvin Butler on the 15th day of June, 1926, were properly executed and delivered.

Trial was had before the court, who made special findings of fact and conclusions of law, and on the 26th day of February, 1930, rendered judgment that A. N. Butler, as administrator, take nothing by his suit; that defendants Metropolitan Life Insurance Company and Pioneer Mortgage Company have judgment sustaining their liens as prayed for; that the Walters National Bank have a lien on the northeast quarter of the northeast quarter of section 21, township 3 S., range 11 W., Cotton county, Okla., in the sum of $2,079.70, and upon the southeast quarter of the northeast quarter of said section, township and range, containing 40 acres, to secure the sum of $2,079.70, each of said liens to cover interest on said sum at ten per cent. from December 15, 1928, and ten per cent. additional as attorney's fees, all of which were junior and inferior to the liens of the Metropolitan Life Insurance Company and the Pioneer Mortgage Company, as established and decreed, but superior to the title or interest of A. N. Butler, administrator, and A. N. Butler, personally, Glenna B. Dyke, Willard E. Butler, and Ella Mae Butler, who were forever barred from any interest therein as against said bank.

It was further adjudged that A. N. Butler have the fee-simple title to the northeast quarter of the northeast quarter of section 21, township 3 S., range 11 W., Cotton county, Okla., containing 40 acres, subject only to the three mortgage liens as stated, and that all other parties to the suit be barred of any interest therein.

It was further adjudged and decreed that Glenna B. Dyke have the fee-simple title to the southeast quarter of the northeast quarter of said section, township, and range, subject only to said mortgage liens, and all other parties were barred from any interest therein.

That Willard E. Butler was the fee-simple owner of the northwest quarter of the northeast quarter of said section, township, and range, containing 40 acres, subject to the said mortgage liens of Metropolitan Life Insurance Company, the Pioneer Mortgage Company, as stated, and the Walters Na-

tional Bank for the sum of $2,879.60, with interest thereon, and that all other parties be barred from any interest in said 40 acres.

It was further decreed that under a deed of June 15, 1926, from Parvin Butler to his daughter, Winnie May Henry, in and to the southeast quarter of the northeast quarter of said section, township and range, the said Winnie May Henry was vested with the title to said real estate and that she died leaving as her sole heirs her children, Thomas Henry, Arthur Henry, and Dorothy Henry, minors, and Elmer Henry, who became the owners of said 40 acres of land in fee simple, subject only to the mortgage liens of Metropolitan Life Insurance Company, and the Pioneer Mortgage Company, as established, and that the Walters National Bank and all other heirs of Parvin Butler, deceased, were barred of any interest therein.

To all of which findings and judgments A. N. Butler, as administrator, and defendants Willard E. Butler, Ella Mae Butler, A. N. Butler, personally, Glenna B. Dykes, Thomas Henry, a minor, Arthur Henry, and Dorothy Henry, minors, who appeared by their guardian ad litem, Lon Morris, and the Walters National Bank excepted.

From said judgment, plaintiff, A. N. Butler, as administrator, Glenna B. Dyke, A. N. Butler, personally, and Elmer Henry appeal.

Counsel for plaintiffs in error makes no assignment of error, nor does he abstract the record in his brief, but in his narrative complaining as set forth in his brief, limits his argument to the proposition that there was error in the findings and judgment of the trial court to the effect that the Metropolitan Life Insurance Company, Pioneer Mortgage Company, and Walters National Bank were granted liens on the land that was adjudged to be their property, to wit:

Southeast quarter of the northeast quarter of said section, township and range, in Cotton county, Okla., found and adjudged to be the property of Glenna B. Dyke, and the northeast quarter of the northeast quarter of said section found and adjudged to be the property of A. N. Butler, and the southwest quarter of the northeast quarter of said section, that was vested in Elmer Henry, and the three minor children of Winnie May Henry, deceased, and they also allege error in the judgment and findings of the court sustaining the deed to

Willard E. Butler for the whole quarter section of land to the extent of enabling him to create valid mortgages thereon, the theory being apparent that said deed was a forgery.

Defendants in error, as cross-petitioners, allege 13 errors of the trial court, and in their brief are joined by defendant Walters National Bank, and contend in substance that:

The deeds from Parvin Butler to his four children were void and of no effect for the reason they were never delivered and that no title vested in the grantees.

That the deed from Parvin Butler to Willard E. Butler, dated October 24, 1927, was a valid deed and vested in Willard E. Butler the title to the land in controversy.

That the Walters National Bank took its mortgage from Willard E. Butler in good faith and secured thereby a valid lien on the whole quarter section of land in controversy.

Defendants in error, Metropolitan Life Insurance Company and the Pioneer Mortgage Company contend that they are bona fide incumbrancers of the property in question, and that the judgment of the trial court should be sustained.

No reply brief has been filed.

Summarized, the various contentions of the parties to this suit converge to two or three propositions only:

(1) As to whether there was a delivery of the four deeds dated June 15, 1926, made by Parvin Butler to his four children.

(2) Whether the deed dated October 24, 1927, to Willard E. Butler was a legal conveyance.

(3) As to whether Parvin Butler was mentally capable and of sufficient understanding at the time he executed the deed to Willard E. Butler to realize and know what he was doing so that his act in making said deed would bind him.

The first question which we will consider is: Did Parvin Butler make, execute, and deliver to Willard E. Butler a deed to the land in controversy, to wit, N. E. ¼ of section 21, township 3 S., range 11 W. of the Indian Meridian, containing 160 acres, Cotton county, Okla., and did the execution and delivery of said deed vest title in said Willard E. Butler, or was said deed invalid by reason of the lack of understanding and competency of the said grantor?

This question and the evidence and law applicable thereto will now be considered.

As bearing upon the questions at issue, the record discloses that plaintiff in error A. N. Butler testified, in substance, that Parvin Butler understood what was said to him at the time of making said deed: that he was not incapable of transacting business when he died; that he did not think his father could write, but he was not present when the deed was made to his brother, Willard, in October of 1927; that Parvin knew what was going on.

As to a conversation between witness and his brother, Willard, in answer to a question the witness said:

"Q. Now, Mr. Butler, didn't you say to him right then when he told you those deeds were no good and Dad gave it all to him and deeded it to him, didn't you say, 'Well, take it; you have earned it; take it and take care of it,' didn't you?" To which the witness answered "Yes."

He also said he did not think his father signed his name to the deed.

Glenna B. Dyke, daughter of the deceased, one of the plaintiffs in error, testified in general the same as the witness A. N. Butler; on being interrogated witness does not believe her father signed the note and mortgage for $192.50 belonging to the Pioneer Mortgage Company, nor does she think he was able to sign the deed to Willard E. Butler, but she was not present; in December of 1927, she talked to her father and thinks he understood all she said: said she knew that Willard had a deed for about eight months before her father's death or words to that effect.

Witness B. B. Hickman, as a handwriting expert, testified in his opinion the signature purporting to be the signature of Parvin Butler to the deed made October 24, 1927, was not his signature after having compared the signature on said deed with admitted signatures of Parvin Butler signed "P. Butler" on plaintiff's exhibits 9 and 10.

R. H. Sultan, president of the Walters National Bank, and R. H. Galyon, an attorney, both testified that they saw Parvin Butler execute the deed to Willard E. Butler on October 24, 1927; that they talked to him for sometime and that he was perfectly rational and knew what he was doing.

Witness Sultan also testified that the mortgage to the Walters National Bank and the mortgages held by the Metropolitan Life Insurance Company and the Pioneer Mortgage Company, executed by Willard E. Butler and wife, were all for full considerations and were bona fide transactions; that he was present when said mortgages were executed. The record discloses ample evidence from other witnesses establishing full consideration for each of said mortgages for the amounts secured and there is no evidence to the contrary.

The next question to be considered is: Were the four deeds dated June 15, 1926, made by Parvin Butler to his four children, delivered? A resume of the testimony is as follows:

It is noted to begin with that the testimony of all the heirs of the deceased was properly excluded by the court and was not considered and could not be considered in determining the question.

There is no question in the record as to the condition of the mind of the deceased when said deeds were executed, nor as to the fact that they were properly drawn and executed, but the whole question as to the validity of said deeds depends on the question as to whether a delivery was made such as the law contemplates to create a valid deed.

It is noted that the whole quarter section of land that was deeded to Willard Butler on October 24, 1927, was subdivided into four parts in the transfers made to the four heirs on June 15, 1926. Therefore, if these four deeds are valid, as a matter of course, Willard E. Butler would take nothing by virtue of his deed of October 24, 1927. Therefore, the matter to be considered now would be of interest only to A. N. Butler, Glenna B. Dyke, and the four heirs of Winnie May Henry, heretofore named.

As to the delivery of the four deeds, we now call attention to the evidence:

C. E. Campbell, a disinterested witness, testified that he was present at the time the four deeds were executed on June 15, 1926; that Parvin Butler executed the deeds, and in answer to a question said:

"I understood that I went there to be a witness to the signature of some deeds at Mr. Powell's solicitation."

In answer to another question he stated:

"I understood that the deeds were not to go to record until the old man's death."

Further he said:

"It might have been Mr. Powell told me or it might have been one of the Butlers

who told me, but I understood that they were not to go to record, but were to be kept in trust."

The witness could not recall any conversation, but answers in a number of places as if he understood from someone or some circumstance that the deeds were to be kept in trust.

One question asked was:

"Was there anything said about with whom the deeds were to be left?"

Answering:

"I could not say about that, but my impression was that they were to be left in the old man's charge."

Testified that there were present Willard Butler, Norman Butler, Ella May Butler, W. T. Powell, and another witness, whose name is A. B. Hayworth; testified after deeds were drawn he saw no one carry them away but Parvin Butler did not direct any member present to deliver the deeds, and witness understood they were not to take effect at that time. Answering a question as to whether A. N. Butler did not place the deeds in a tin box and take the box under his arm and go out of the house at about the same time the witness and the attorney left, he answered: "I do not remember that."

A question was asked:

"You understood that they were not to take effect at that time?"

He answered:

"Yes, sir. I understood that."

Another question:

"Did Parvin Butler in your presence or at any time direct any particular person to deliver the deeds?"

Answer:

"I think not."

Virgil Butler, a cousin of A. N. Butler, gave his deposition as a witness for Willard E. Butler, Ella Mae Butler and Walters National Bank in substance as follows: He visited Parvin Butler in May, 1928; that Parvin Butler was living with his son, Willard E. Butler, one of defendants; that Parvin Butler's hearing was good; that he seemed to be in his right mind, and in answer to a question said: "Yes, it seemed to me he talked just like he always did."

In answer to another question if he seemed to be intelligent, he answered, "Yes, sir."

Also:

"Q. What caused you to think he was intelligent at that time? A. He always talked sense and nothing ever made me think otherwise. Q. What was said about the place at that time between you and Parvin Butler? A. He told me about the place and said it was divided up four ways, but he said that they could not get the deeds and then he told me that he had them in a box and had the key."

Further:

"Q. That was in August or July or when in 1926? A. Yes, it was in 1926, that was the time when he mentioned about the place again. I told him I thought it was fair as he said he wanted Willard to have it, and that is all there was said about it."

Plaintiff offered in evidence the testimony of A. B. Hayworth, who testified that he was present on June 15, 1926, when the four deeds in question were executed and that after the deeds were executed A. N. Butler took them home.

In answer to a question by the court he said:

"Well, I just don't remember, but I just remember he was to take those deeds home with him."

The above is all of the pertinent evidence which relates to the execution and delivery of the four deeds to the heirs of Parvin Butler on June 15, 1926. Under numerous decisions of this court, the court is not required to search the entire record to find some theory that will support the plaintiffs in error as to their contention, nor would it be necessary to search the record as to any defense that might be made by the cross-petitioners. On failure of the plaintiffs in error to file a brief or to file a reply brief to the contentions of cross-petitioners, it would be the duty of this court in such case to render such decision as it deemed proper.

However, the two major points in this case, which we have alluded to heretofore, concerning which evidence has been quoted, it is believed will settle the contentions of all parties.

We will now discuss the law bearing upon the question as to whether the four deeds to the heirs of Parvin Butler were valid or whether they were void. It is noted that under the evidence, which we have quoted, the most that could be contended for is that the deeds were properly drawn and that Parvin Butler was mentally competent to make such deeds and that they were in fact drawn, and as shown by one witness were taken in a tin box by A. N. Butler. The box was locked but the key was kept by Parvin Butler until his death. There is a total lack of any evidence to the effect that

there was an authorization of A. N. Butler to take those deeds, or that he had any directions or authorization to dispose of them or to deliver them to the grantees. There is no evidence that A. N. Butler ever received any request from Parvin Butler to take the box containing the deeds, or that A. N. Butler was the agent or representative of Parvin Butler in any way. The record is entirely barren of any inference that could be drawn from the fact that A. N. Butler took said box, containing the deeds, that would tend to show a delivery; consequently, it is apparent under the authorities which we will quote that there was no delivery of said deeds as a matter of law, and that consequently the deeds were absolutely void.

The identical question has not been considered frequently by this court. One case in which the question was well discussed incidentally was based upon other facts which it is not necessary to quote. The court reviewed decisions on this point, passing directly upon the question at issue in Snodgrass v. Snodgrass, 107 Okla. 140, 231 P. 237, and pages 142 and 143, where the decisions are quoted.

"It is not necessary that a delivery of a deed should be made to the grantee himself, but it will be sufficient if it is delivered to a third person for the use of the grantee. Such a delivery, however, will not be effectual unless it is made in such a way that the grantor parts with all control of the instrument." 13 Cyc. 565.

The above text settles the rule without qualification and cites cases from a majority of the states.

A case that sustains the rule almost exactly from California is as follows:

"The validity of a deed deposited with a third person to take effect at grantor's death requires absolute delivery so as to place it beyond grantor's power to recall or control it in any event." Fisher v. Oliver (Cal.) 164 P. 800.

It is further noted in the above decision the court took into consideration the acts and conduct of the grantor after the execution of the deed. It said in part:

"Evidence of his acts, including herein his declarations after the time when it is contended he had so parted with title, is admissible and of great weight in the determination of this question."

See, also, Loosen v. Stangl, 163 Okla. 231, 22 P. (2d) 364.

The last quoted matter is significant in view of the fact that Parvin Butler deeded his property to Willard E. Butler about 15 months after the four deeds were executed.

Cases in which our court have passed on this question in one way or another, but not directly, are: Shaffer v. Smith, 53 Okla. 352, 156 P. 1188; Frisco Lumber Co. v. Waldock, 71 Okla. 197, 176 P. 220; citing Taft v. Taft (Mich.) 26 N. W. 426.

We have also examined Curry v. Colburn (Wis.) 74 N. W. 778; Barns v. Barns (Iowa) 85 N. W. 629; Gardiner v. Gardiner (Mich). 95 N. W. 973; Stonehill v. Hasting, 202 N. Y. 115, 94 N. E. 1068, sustaining the text, and 13 Cyc. 565.

The court deems further citations unnecessary, and we will now pass to a consideration of the fact as to whether the deed executed by Parvin Butler to Willard E. Butler, on October 24, 1927, was a valid instrument.

The law of this state, as settled by our decisions in defining the necessary and requisite qualifications of a person to transact business and to bind himself, has been defined by this court in recent decision, dated February 2, 1934, Canfield v. Canfield, 167 Okla. 595, 31 P. (2d) 149, and the syllabus says:

"1. Deeds—Test of Mental Capacity of Grantor. The test of capacity to make a deed is that the grantor shall have the ability to understand the nature and effect of the act in which he is engaged and the business he is transacting.

"2. Same. It is the general consensus of judicial opinion that mental incapacity, whether it be due to mere weakness of mind or actual insanity, is not in itself a sufficient basis for obtaining the cancellation of a written instrument, unless the state of idiocy or imbecility complained of is such that it rendered the afflicted individual incapable of understanding the nature and effect of the transaction at the time the instrument was executed."

The court in said opinion also refers to and quotes from other opinions to the same purport.

Sections 9402 and 9403, O. S. 1931, explain the legislative opinion as to what constitutes mental competency, and are as follows:

"9402. Person without understanding liable only for necessaries. A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family."

"9403. Person of unsound mind may rescind without prejudice to third parties. A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

There is no evidence in the record that the sanity of Parvin Butler had ever been questioned by any relative or person, and there is no proof that he had ever been judicially determined to be a person of unsound mind. To the same purport, without quoting, we refer to other cases: Adams Oil & Gas Co. v. Hudson, 55 Okla. 386, 155 P. 220; Miller v. Folsom, 49 Okla. 74, 149 P. 1185; Connecticut General Life Ins. Co. v. Cochran, 95 Okla. 111, 218 P. 313.

"In order to render a deed void upon the ground of insufficient mental capacity, it must be shown that the grantor not only did not understand the nature of the transaction, but also that he was without sufficient mental capacity to understand it." Jones v. Mead, 111 Okla. 16, 237 P. 445. Also Sanders v. Rhea, 119 Okla. 208, 249 P. 350.

This court has passed on this question so frequently that it is not necessary to repeat decisions, but the following cases are cited: Miller v. Folsom, 49 Okla. 74, 149 P. 1183; Maas v. Dunmyer, 21 Okla. 434, 96 P. 591; Sanders v. Rhea, 119 Okla. 208, 249 P. 350.

The evidence is overwhelming to sustain the findings and judgment of the trial court holding that said deed of October 24, 1927, was sufficient to vest title or such title as the grantor had.

Having thus disposed of the points in this case that are controlling, it is deemed unnecessary to review other questions that have been raised by the issues.

It is apparent that if the deeds executed on June 15, 1926, were void (as we are holding) and that the deed to Willard E. Butler, made October 24, 1927, is a valid instrument, in such case, Willard E. Butler obtained the absolute fee-simple title to said land. It is further apparent that when Willard E. Butler obtained title to said land, it was within his power to mortgage it or dispose of it as he saw fit.

Willard E. Butler did not raise the question as to the validity of said mortgage indebtedness, and other parties to this suit being precluded, it must follow that all said mortgages must be sustained. It must also follow that all parties to this suit are barred and forever precluded from having any interest in said real estate and that the title of Willard E. Butler should be quieted, subject only to the mortgage indebtedness as aforesaid.

It is apparent that it would serve no useful purpose for further proceedings in the trial court, but that final judgment should be entered here.

It is therefore adjudged by this court that the judgment of the trial court in vesting title in the northeast quarter of the northeast quarter of section 21, township 3 south, range 11 west, in Cotton county, Okla., in A. N. Butler, and the title of the southeast quarter of the northeast quarter of said section and township in Glenna B. Dyke, and the southwest quarter of the northeast quarter of said section, township, and range in Thomas Henry, Arthur Henry, and Dorothy Henry, minors, and Elmer Henry, is reversed and set aside and vacated.

It is further adjudged that the fee-simple title to the whole of said northeast quarter of said section, township, and range, containing 160 acres in Cotton county, Okla., be and is hereby vested in Willard E. Butler, and that all of the aboved named, A. N. Butler, Glenna B. Dyke, Thomas Henry, Arthur Henry, and Dorothy Henry, minors, and Elmer Henry, are forever barred from having or claiming any title, claim, or interest therein.

It is further adjudged and decreed that the Metropolitan Life Insurance Company have a valid first mortgage lien on the said 160 acres of land so vested in the said Willard E. Butler in the sum of $3,500 and $300, its attorney fees, as prayed for; that the Pioneer Mortgage Company have a valid mortgage lien on said real estate in the sum of $87.50, subject only to the rights of the Metropolitan Life Insurance Company, and that the Walters National Bank have a valid mortgage lien on said real estate in the sum of $2,879.60 and interest as prayed for, subject only to the rights of the Metropolitan Life Insurance Company and the Pioneer Mortgage Company as adjudged herein, and that the rights of said three mortgagees and each of them are superior to the rights of the said A. N. Butler, Thomas Henry, Arthur Henry, Dorothy Henry, minors, and Elmer Henry, Glenna B. Dyke, and Willard E. Butler and all persons claiming under them.

That judgment be rendered against plaintiffs in error for costs.

The Supreme Court acknowledges the aid of District Judge Wilson, who assisted in the preparation of this opinion. The Dis-

trict Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.