GALBRAITH v. McKENNEY.

No. 30181. Sept. 22, 1942.

*129 P. 2d 187.*

Brown & Cund, of Duncan, for plaintiff in error.

Harley Ivy, J. L. Vertrees, and E. B. Anderson, all of Waurika, for defendant in error.

WELCH, C. J. Alice McKenney, as plaintiff, sought to cancel an instrument in the form of a warranty deed which purported to convey the fee-simple title to certain real estate to her son, the defendant, Galbraith. Record title to the land was in her husband prior to the deed in question. Her theory is that she and her husband executed the questioned instrument in blank form with the understanding that the same was for the purpose of conveying the land to her, but that the defendant, who prepared the deed and who occupied a position of trust and confidence with grantors, completed the instrument so as to show on its face a transfer of title to him, against the will and intention of the grantors.

Both plaintiff and her husband were quite aged when the deed was executed. Several years later the husband died and thereafter the defendant recorded the deed. It was his contention that the deed passed title to him when it was executed and delivered.

The record discloses conflict in the testimony of the parties, each tending to support the theory advanced. However, it was undisputed that for some years after the deed to defendant was executed, the land therein described was treated as if no title had passed by the deed. Rental contracts, though negotiated by defendant, were in the name of plaintiff's husband as owner, and two small parcels of the land were sold and conveyed by deed of plaintiff's husband, as still being the owner with the right to convey. These sales likewise were negotiated by defendant, and the rentals and sales proceeds were deposited to the credit of plaintiff's husband. All of the numerous transactions with reference to the land were had in the name of plaintiff's husband as owner, until he died some years after execution of defendant's deed, and such transactions were with the knowledge and participation of the defendant.

The defendant paid no consideration whatever for the deed, and the trial court found its execution and delivery was not intended to convey title, and

did not convey title, and its cancellation was decreed.

We deem it unnecessary to further detail the evidence.

For reversal it is urged that there are inconsistencies in the extended findings of fact by the trial court, and that same do not justify or support the judgment rendered.

It is true the findings of fact do not follow in every detail the theory and contentions of plaintiff, but we do not find therein any inconsistency or any such lack of support of the judgment as to justify reversal. The findings of fact are definitely against the contentions of the defendant, and that there was no intention to pass title, and no passage of title, to defendant. We deem it unnecessary to further detail the extended findings of fact.

This action is one of equitable cognizance. The judgment is not clearly against the weight of the evidence nor contrary to the findings of fact. The evidence justifies and requires affirmance of the judgment. 26 C. J. S. 233, par. 41; Butler v. Butler, 168 Okla. 148, 32 P. 2d 54; Littlefield v. Box, 163 Okla. 150, 21 P. 2d 506.

Affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.